PEOPLE v HARDIN

1. CRIMINAL LAW—PLEA OF GUILTY—PROBATION VIOLATION—COURT RULES—INFORMATION OF RIGHTS.

A defendant pleading guilty to probation violation is not entitled to be informed of the full panoply of rights set out in the court rule regulating guilty pleas because he is not entitled to all of those rights, but his plea may not be accepted unless he has first been informed of the constitutional rights to which he is entitled and which he is thereby waiving.

2. CRIMINAL LAW—PROBATION REVOCATION—PLEA OF GUILTY—INFORMATION OF RIGHTS—HEARINGS.

A defendant who desires to admit a probation violation at a probation revocation proceeding must first be informed, on the record, of his right to have a hearing.

3. CRIMINAL LAW—PROBATION REVOCATION—PAROLE REVOCATION—CONSTITUTIONAL LAW—DUE PROCESS RIGHTS—MINIMUM REQUIREMENTS.

Minimum due process requirements for a probation or parole revocation hearing include: (a) written notice of the claimed violations of probation or parole; (b) disclosure to the probationer or parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking probation or parole.

Appeal from Calhoun, Creighton R. Coleman, J. Submitted April 9, 1976, at Grand Rapids. (Docket No. 23947.) Decided July 20, 1976.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 29 Am Jur 2d, Criminal Law § 562 *et seq.*

Jesse J. Hardin was convicted, on his plea of guilty, of possession of heroin and placed on probation. Defendant, by his own admission, was found to have violated his probation and it was revoked. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John J. Rae,* Prosecuting Attorney, and *Albert T. Quick,* Assistant Prosecuting Attorney, for the people.

*Sharon M. Sloan,* Assistant State Appellate Defender, for defendant.

Before: J. H. GILLIS, P. J., and N. J. KAUFMAN and E. A. QUINNELL,* JJ.

J. H. GILLIS, P. J. On February 25, 1974, defendant was placed on two years probation after pleading guilty to possession of heroin. MCLA 335.341; MSA 18.1070(41). In November of 1974, defendant was rearrested and charged with violation of probation. At a March 3, 1975, hearing defendant admitted violating four of the terms of his probation. He was then sentenced to 2 to 4 years in prison, and appeals as of right.

At the March 3, 1975, hearing defendant was called before the judge and orally advised of the specifics of the four alleged probation violations. Defendant then told the judge that he understood the charges. The judge addressed the defendant as follows:

"*The Court:* Now, you may admit to these charges or you may deny them, and so I am going to ask you this question. Do you admit to these charges and are you willing to talk to the court about what should be done if I should find you in violation of your probation?

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*"The Defendant:* Yes."

The judge then found defendant guilty of violation of probation. The record reveals that at no time during this hearing was defendant ever advised that by pleading guilty he was waiving his due process right to a hearing on the alleged probation violations. See *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973).

On appeal, defendant argues that before a judge may accept a plea of guilty to probation violation, that judge must advise defendant of the due process rights to which he is entitled. Defendant argues that he must be informed of the full panoply of rights set out in GCR 1963, 785.7, the "guilty plea" rule. We are unpersuaded by this contention. To require that defendant be advised of the GCR 1963, 785.7 rights in a probation revocation setting would lead to an anomalous situation in which a defendant would be advised that he is waiving rights that he does not possess. Compare GCR 1963, 785.7(1)(g) with *Gagnon, supra,* 411 US at 786; 93 S Ct at 1761–1762; 36 L Ed 2d at 664. We do think, however, that in order to insure that a defendant's admission of probation violation is "knowing and voluntary" prior to the court's acceptance of the plea, it is necessary that the defendant be at least advised of his due process right to a hearing.

In *Gagnon* the United States Supreme Court announced that a defendant must be accorded certain minimal rights in order that a probation revocation meet the standards of due process. Specifically, the Court held that minimum due process requirements for a probation revocation hearing include:

"(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole." *Gagnon, supra,* 411 US at 786; 93 S Ct at 1761–1762; 36 L Ed 2d at 664.

These rights have been recognized and enforced by this Court. See *People v Blakely,* 62 Mich App 250; 233 NW2d 523 (1975), *People v Henry,* 66 Mich App 394; 239 NW2d 384 (1976), *People v Smith,* 66 Mich App 639; 239 NW2d 431 (1976), *People v Bell,* 67 Mich App 351; 241 NW2d 203 (1976).

Michigan has been at the forefront of those jurisdictions that hold that a defendant may not plead guilty to a charged offense unless that defendant has been informed of the constitutional rights he is thereby waiving. See *People v Butler,* 387 Mich 1; 195 NW2d 268 (1972), *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972), *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), GCR 1963, 785.7. We think that the same holds true in the probation revocation setting. As our Supreme Court stated in *Jaworski:*

" ' "A defendant who enters such a plea simultaneously waives several constitutional rights, including his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. For this waiver to be valid under the Due Process Clause, it must be 'an intentional relinquishment or abandonment of a known right or privilege.'

*Johnson v Zerbst,* 304 US 458, 464; 58 S Ct 1019; 82 L Ed 1461 (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." ' " *People v Jaworski,* 387 Mich 21, 30; 194 NW2d 868, 872 (1972), quoting from *Boykin v Alabama,* 395 US 238, 243, fn 5; 89 S Ct 1709; 23 L Ed 2d 274 (1969).

We think that the record must show that a plea is "voluntary and knowing" regardless of whether the plea is to a criminal charge or to probation violation.[1] The fact that the defendant in the instant case was represented by counsel is not determinative. *Jaworski, supra.*

In holding today that a defendant who desires to admit a probation violation must first be informed, on the record, of his right to have a hearing, it is not our intent to lock the trial judge into any "checklist" type of situation. We, therefore, require only that defendant be told, on the record, that he is entitled to a hearing to determine his culpability for the alleged violation. If the defendant advises the court that he does not want a hearing and admits violation of probation on the record, the due process requirements are met. In the instant case, the record fails to show that defendant was informed of his right to a hearing. We therefore reverse.

Although not raised as an issue on appeal, we note that the record fails to indicate that defendant was given written notice of his alleged offenses. Such notice is required. *People v Henry, supra.*

---

[1] In *Gagnon v Scarpelli,* 411 US 778, 782, fn 4; 93 S Ct 1756; 36 L Ed 2d 656 (1973), the Supreme Court laid to rest the idea that a probationer may be denied due process because probation is an "act of grace" bestowed on the probationer by the state.

This opinion is to be given prospective application beginning with its date of publication.

Reversed and remanded for a new probation revocation hearing.