PEOPLE v MICHAEL BROWN

1. CRIMINAL LAW—PROBATION VIOLATION—HEARINGS—WAIVER.

A hearing on charges of probation violation may be waived only if the waiver is knowingly and understandingly made.

2. CRIMINAL LAW—PROBATION REVOCATION—HEARINGS—DUE PROCESS REQUIREMENTS.

A probationer charged with probation violation is entitled to a hearing; due process requires that this hearing include the following: (a) written notice of the claimed violations of probation, (b) disclosure to the probationer of evidence against him, (c) an opportunity to be heard in person and to present witnesses and documentary evidence, (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation), (e) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers, and (f) a written statement by the fact finders as to the evidence relied on and reasons for revoking probation.

3. CRIMINAL LAW—PROBATION REVOCATION—HEARINGS—DUE PROCESS.

The requirements of a probation revocation hearing in Michigan far exceed the minimal due process requirements set forth by U. S. Supreme Court precedent.

4. CRIMINAL LAW—PROBATION REVOCATION—HEARINGS—PROCEDURES.

Features required in a probation revocation hearing in Michigan include: (1) the probationer must be served with written notice of the charges against him prior to the hearing, (2) the proba-

REFERENCES FOR POINTS IN HEADNOTES
[1–4, 10] 21 Am Jur 2d, Criminal Law § 568.
[5, 7, 9] 28 Am Jur 2d, Estoppel and Waiver §§ 163, 167, 173.
[6] 68 Am Jur 2d, Searches and Seizures § 46 *et seq.*
[8] 21 Am Jur 2d, Criminal Law § 484 *et seq.*
Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

tioner is entitled to produce witnesses and evidence as well as to cross-examine and confront witnesses, (3) the state must present proof of a violation of the charges, (4) evidence of the charge is the only factor to be considered in determining whether to revoke probation, (5) there must be a record of the hearing that demonstrates the due process requirements have been satisfied, (6) the probationer is entitled to representation by counsel, and (7) the probationer is entitled to an appeal as of right following determination of a probation violation on those matters relating to the probation violation and the hearing thereon.

5. CONSTITUTIONAL LAW—STATUTORY RIGHTS—WAIVER.

Every waiver of a constitutional or statutory protection is not required to be knowing and intelligent.

6. SEARCHES AND SEIZURES—CONSENT—VOLUNTARY CONSENT.

Consent, if voluntary, may be given to a search even where the subject of the search is not aware that he has a right to refuse consent.

7. CRIMINAL LAW—WAIVER—INTENTIONAL AND KNOWLEDGEABLE WAIVER—RIGHT TO COUNSEL—EXAMINATION AND RETURN— RIGHT TO APPEAL—DOUBLE JEOPARDY.

Rights which can be waived only by an intentional and knowledgeable relinquishment or abandonment include (1) the right to counsel for a criminal defendant or alleged probation violator, (2) the right of a criminal defendant to examination and return by a magistrate, (3) a criminal defendant's rights to appeal and appellate counsel, and (4) the right not to be twice placed in jeopardy.

8. CRIMINAL LAW—PLEA OF GUILTY—ADVICE OF RIGHTS—CONSTITUTIONAL LAW.

A criminal defendant who wishes to plead guilty to a charged offense must first be informed of his constitutional right to a trial on the charges against him.

9. CRIMINAL LAW—WAIVER OF RIGHTS—KNOWING AND INTELLIGENT WAIVER.

A knowing and intelligent waiver is required where the right involved is one designed to insure fundamental fairness to a defendant or to insure the reliability of the factfinding process when an individual's liberty is at stake.

10. CRIMINAL LAW—PROBATION—REVOCATION—WAIVER—RIGHT TO
    HEARING—HEARINGS.
   A probationer charged with violation of his probation must be
   informed of his right to a hearing on the charge before he can
   effectively waive that right by pleading guilty to the charge.

Appeal from Schoolcraft, William F. Hood, J. Submitted May 5, 1976, at Detroit. (Docket Nos. 25776, 25777.) Decided October 20, 1976.

Michael R. Brown was convicted, on his plea of guilty, of breaking and entering with intent to commit larceny. Defendant was placed on probation. Probation revoked. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Gifford D. Smith,* Prosecuting Attorney, for the people.

*John L. Thompson,* for defendant.

Before: BRONSON, P. J., and D. E. HOLBROOK, JR., and D. F. WALSH, JJ.

BRONSON, P. J. Defendant was placed on two years of probation on September 16, 1974, after pleading guilty to breaking and entering with intent to commit larceny. MCLA 750.110; MSA 28.305. On February 13, 1975, defendant was brought before the judge who had placed him on probation after having received written copies of three charges of violating the terms and conditions of his probation. Defendant admitted the violations, his probation was revoked, and he was sentenced to a term of from 6 to 10 years in prison. He now appeals as of right.

At the February 13, 1975 proceeding, defendant was advised that he had a right to counsel and that one would be appointed for him at public

expense if he could not afford to retain counsel. Defendant replied that he did not desire counsel. The judge then read each charged violation to defendant, ascertained that defendant understood each charge, and asked defendant to plead to each charge. Defendant offered a plea of guilty to each charge and indicated that he understood that if his pleas of guilty were accepted by the judge, his probation could be revoked and he could be sentenced to a maximum of 10 years in prison. Defendant was not informed that he was entitled to a hearing on the charges to which he offered his pleas of guilty. His pleas were accepted and his probation was revoked.

On appeal, defendant argues that the failure of the trial judge to inform him of his right to a hearing on the charges of probation violation rendered his plea of guilty ineffective to waive his right to that hearing. He argues that a hearing on charges of probation violation may be waived only if the waiver is knowingly and understandingly made. We agree and reverse.

A probationer charged with violations of the terms and conditions of his probation is entitled to a hearing on those charges. Due process requires that this hearing include the following minimum features:

" '(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and

reasons for revoking [probation or] parole.' " *Gagnon v Scarpelli,* 411 US 778, 786; 93 S Ct 1756; 36 L Ed 2d 656 (1973), applying *Morrissey v Brewer,* 408 US 471, 489; 92 S Ct 2593; 33 L Ed 2d 484 (1972), to probation revocation proceedings.

Michigan law does not limit the features of probation revocation hearings to those required by minimal due process. In the recent case of *People v Leroy Jackson, Jr,* 63 Mich App 241, 247; 234 NW2d 467 (1975), it was noted that the revocation hearing required in Michigan "far exceeds the minimal due process requirements set forth in *Morrissey* and *Gagnon".* The features of the probation revocation hearing required in Michigan were enumerated as follows:

"In Michigan the probationer must be served with written notice of the charges against him prior to the hearing. *In re McLeod,* 348 Mich 434; 83 NW2d 340 (1957), *People v Wood,* 2 Mich App 342; 139 NW2d 895 (1966). At the hearing the probationer is entitled to produce witnesses and evidence as well as to cross-examine and confront witnesses. *In re Bobowski,* 313 Mich 521; 21 NW2d 838 (1946). The state must present proof of violation of the charges. *People v Myers,* 306 Mich 100; 10 NW2d 323 (1943). Evidence of the charge is the only factor to be considered in determining whether to revoke probation. *People v Sutton,* 322 Mich 104; 33 NW2d 681 (1948), *People v Elbert,* 21 Mich App 677; 176 NW2d 467 (1970). There must be a record of the hearing that demonstrates the due process requirements have been satisfied. *People v Wood, supra.* If the probationer desires, he is entitled to representation by counsel. *People v Kitley,* 59 Mich App 71; 228 NW2d 834 (1975), *People v Hazen,* 19 Mich App 576; 172 NW2d 860 (1969), *People v Brown,* 17 Mich App 396; 169 NW2d 522 (1969), *People v Marshall,* 16 Mich App 578; 168 NW2d 480 (1969). The probationer is entitled to an appeal as of right following determination of a probation violation on those matters relating to the

probation violation and the hearing thereon. *People v Pickett,* 391 Mich 305; 215 NW2d 695 (1974), *People v Donald Moore,* 55 Mich App 139; 222 NW2d 64 (1974)." *Jackson, supra,* at 247–248.

It is thus apparent that we break no new ground by recognizing that this defendant had a constitutional right to a hearing on the charges of probation violation and that he could have required the state to prove the charges at that hearing. Defendant instead offered to plead guilty and acknowledged the truth of the charges. By so doing, he gave up his right to contest the charges at a hearing. The question with which we are faced is whether, to be effective, such a waiver must be made knowledgeably and understandingly. We hold that it does.

We recognize that not every waiver of a constitutional or statutory protection is required to be knowing and intelligent.[1] Thus, consent, if voluntary, may validly be given to a search even where the subject of the search is not aware that he has a right to refuse consent. *Schneckloth v Bustamonte,* 412 US 218; 93 S Ct 2041; 36 L Ed 2d 854 (1973), *People v Reed,* 393 Mich 342; 224 NW2d 867 (1975), *People v Lumpkin,* 394 Mich 456; 231 NW2d 637 (1975). This rule has prevailed despite the fact that consent to a search waives whatever rights the subject has under the Fourth and Fourteenth Amendments to the Federal constitution and art 1, § 11 of the state constitution to prevent the police from conducting the search.

Other rights have been identified which can be waived effectively only where a standard amount-

---

[1] "Our cases do not reflect an uncritical demand for a knowing and intelligent waiver in every situation where a person has failed to invoke a constitutional protection." *Schneckloth v Bustamonte,* 412 US 218, 235; 93 S Ct 2041; 36 L Ed 2d 854 (1973).

ing to "an intentional relinquishment or abandonment of a known right or privilege" is met.[2] This standard has been required for waiver of right to counsel by a criminal defendant or an alleged probation violator, *Johnson v Zerbst,* 304 US 458; 58 S Ct 1019; 82 L Ed 1461 (1938), *People v Hernandez,* 14 Mich App 741; 166 NW2d 58 (1968), *People v Kitley,* 59 Mich App 71; 228 NW2d 834 (1975), waiver by a criminal defendant of his right to examination and return by a magistrate, *People v Phillips,* 383 Mich 464; 175 NW2d 740 (1970), waiver by a convicted defendant of his right to appeal and appellate counsel, *People v McKinley,* 383 Mich 529; 176 NW2d 406 (1970), and waiver by a defendant of his right not to be twice placed in jeopardy. *People v Carlton Brown,* 23 Mich App 528; 179 NW2d 58 (1970), *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976). Similarly, a criminal defendant who wishes to plead guilty to a charged offense must first be informed on the record that his plea of guilty waives his constitutional right to a trial on the charges against him. Nor can he effectively waive that right to trial unless first informed of some of the rights and incidents of that trial, including his right to have a trial by jury, to confront his accusers, and to remain silent. *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972), *People v Butler,* 387 Mich 1; 195 NW2d 268 (1972).

We interpret these cases as requiring a knowing and intelligent waiver when the right involved is one designed to insure fundamental fairness to a defendant or to insure the reliability of the fact-finding process when an individual's liberty is at

---

[2] *Johnson v Zerbst,* 304 US 458, 464; 58 S Ct 1019; 82 L Ed 1461 (1938).

stake.[3] The protections offered by such rights would be substantially lost if they could be waived by persons ignorant of their existence. Furthermore, we view the right of a probationer to a hearing on charges of probation violation as one designed both to insure fundamental fairness to the probationer and to insure that findings of fact with respect to the existence of a violation, findings upon which the continuation of the probationer's conditional liberty depends, are reliably determined.[4] We therefore conclude that a probationer charged with violation of his probation must be informed of his right to a hearing on the charges before he can effectively waive that right.

We recognize the substantial differences in the nature of probation violation proceedings on the one hand, and a criminal prosecution on the other. The former continues to be a rather informal and flexible procedure, so long as it meets minimal constitutional requirements. Thus we decline to impose blindly in the probation revocation setting the rules which have been developed by statute, case law, and court rule to govern the taking of pleas of guilty in criminal cases. Having in mind the relative informality and flexibility of probation revocation procedures, we would not require that the hearing be fully described to the probationer

---

[3] "The requirement of a 'knowing' and 'intelligent' waiver was articulated in a case involving the validity of a defendant's decision to forego a right constitutionally guaranteed to protect a fair trial and the reliability of the truth-determining process." *Schneckloth, supra,* at 236.

[4] "Both the probationer * * * and the State have interests in the accurate finding of fact and the informed use of discretion—the probationer * * * to insure that his liberty is not unjustifiably taken away and the State to make certain that it is neither unnecessarily interrupting a successful effort at rehabilitation nor imprudently prejudicing the safety of the community.

"It was to serve all of these interests that *Morrissey* mandated preliminary and final revocation hearings." *Gagnon, supra,* at 785–786.

or that any "check list" type procedure be required. We hold only that the probationer must be informed that there is an alternative to his pleading guilty; that he is entitled to a hearing and that he waives that hearing by pleading guilty.[5] Since this defendant was not informed on the record of the possibility of a hearing, and because we find nothing in the record before us from which we can reasonably infer that he was aware of that alternative, the order revoking defendant's probation is reversed and the case remanded.

Defendant also appeals his May 29, 1975 guilty plea conviction of second-degree murder. MCLA 750.317; MSA 28.549. We have reviewed defendant's claims of error with respect to this conviction and find them to be without merit. This conviction is affirmed.

Defendant's conviction of second-degree murder is affirmed. The revocation of defendant's probation is reversed. Remanded for proceedings not inconsistent with this opinion.

---

[5] *See also, People v Hardin,* 70 Mich App 204; 245 NW2d 566 (1976), *People v Allen,* 71 Mich App 465; 248 NW2d 588 (1976).