PEOPLE v HOOKS

Docket No. 77-4902. Submitted November 20, 1978, at Detroit.—Decided March 19, 1979.

Phyllis Hooks was convicted, on her plea of guilty, of issuing a check without account or credit and was sentenced to a term of probation. Subsequently, she was charged with violation of probation for having three times been convicted of larceny under $100 and for not reporting to her probation officer. She pled guilty to the probation violations and was sentenced to imprisonment for a term of 1 year 11 months to 2 years, Recorder's Court of Detroit, Thomas L. Poindexter, J. Defendant appeals, alleging that she was not advised of her right to a probation violation hearing and that her sentence is in violation of the indeterminate sentencing act. *Held:*

1. The defendant was sufficiently advised of her right to a hearing on the probation violation charge where she was given sufficient notice of the violation which informed her of a hearing and her right to present witnesses, where she was fully represented by counsel, and clearly admitted her probation

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 495, 568.

Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

Comment note—Procedural requirements, under Federal Constitution, applicable to revocation of probation or parole. 36 L Ed 2d 1077.

[3] 21 Am Jur 2d, Criminal Law §§ 540, 592.

[4, 5] 21 Am Jur 2d, Criminal Law §§ 19, 585.

39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 15.

Court's right in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768.

[6] 21 Am Jur 2d, Criminal Law §§ 567, 568.

Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

Comment note—Procedural requirements, under Federal Constitution, applicable to revocation of probation or parole. 36 L Ed 2d 1077.

violations to the court. In addition, any error would not be prejudicial because the violations forming the basis for the revocation were three unappealed convictions, and the defendant was aware of her opportunity to present extenuating circumstances to be considered in sentencing.

2. The indeterminate sentencing act applies to the defendant, regardless of whether her previous convictions were punishable by more than one year in prison and therefore qualify as felonies for purposes of the indeterminate sentencing act, because the defendant has not been charged in a supplemental proceeding as a habitual offender. Her minimum sentence should be no more than two-thirds of the maximum.

Affirmed, but sentence modified.

BRONSON, J., dissented. He would reverse the defendant's conviction because there is no indication in the record that the defendant had read the notice of violation and was aware of her right to a hearing and that she understood what that right entailed.

OPINION OF THE COURT

1. CRIMINAL LAW — PROBATION VIOLATION — RIGHT TO HEARING — PLEA OF GUILTY — WAIVER.

A probationer charged with violating the terms of probation must be advised of his right to a hearing on the charge before a trial court may accept a plea of guilty, and if the probationer is so informed, his subsequent plea of guilty waives his right to such a hearing.

2. CRIMINAL LAW — PROBATION VIOLATION — RIGHT TO HEARING.

A probationer was sufficiently advised of her right to a probation violation hearing where she was given sufficient notice of the violation which informed her of a hearing and her right to present witnesses, where she was fully represented by counsel, and clearly admitted her probation violations to the court; any error in the proceeding would not be prejudicial because the violations forming the basis for revocation of probation consisted in part of three convictions from which no appeal was taken, and the defendant pled guilty while aware of her opportunity to present extenuating circumstances to be considered in sentencing.

3. CRIMINAL LAW — SENTENCING — INDETERMINATE SENTENCING ACT — JAIL SENTENCES — STATUTES.

The indeterminate sentencing act does not apply to any jail sentence imposed pursuant to the statute regarding commit-

ments or sentences to incarceration for a maximum of one year or less (MCL 769.8, 769.28; MSA 28.1080, 28.1097[1]).

4. CRIMINAL LAW — FELONY — MISDEMEANOR — SENTENCING — INDETERMINATE SENTENCING ACT — STATUTES.

A felony is defined by the Code of Criminal Procedure as an offense for which the offender, upon conviction, may be punished by death or by imprisonment for more than one year or an offense expressly designated as a felony; therefore, if a defendant's previous convictions were punishable by more than one year's incarceration, even though qualifying as misdemeanors under other statutory provisions, they should be treated as felonies for purposes of the code, including the indeterminate sentencing act (MCL 761.1[g], 769.8; MSA 28.843[g], 28.1080).

5. CRIMINAL LAW — HABITUAL OFFENDERS — SENTENCING — INDETERMINATE SENTENCING ACT — STATUTES.

A defendant who is chargeable under the Code of Criminal Procedure as a habitual offender because of previous felony convictions but against whom no supplemental proceedings have been instituted is to be afforded the protection of the indeterminate sentencing act, and the minimum sentence imposed may be no more than two-thirds of the maximum (MCL 769.8; MSA 28.1080).

DISSENT BY BRONSON, J.

6. CRIMINAL LAW — VIOLATION OF PROBATION — RIGHT TO HEARING.

*It cannot be assumed from a silent record that a defendant knew that he or she had a right to a probation revocation hearing and intelligently and voluntarily waived that right; therefore, when the trial court has not personally informed a defendant of this right to a hearing and there is no indication anywhere in the record that the defendant had read any other notice of the right or had otherwise been made aware of the right, the probation revocation should be reversed and the case remanded for a revocation hearing.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Timothy Scallen,* Assistant Prosecuting Attorney, for the people.

*John C. Mouradian,* for defendant.

Before: D. C. RILEY, P.J., and BRONSON and T. GILLESPIE,* JJ.

D. C. RILEY, P.J. This is an appeal from a probation revocation. Phyllis Hooks pled guilty to issuing a check without account or credit, MCL 750.131a; MSA 28.326(1), in February of 1972. She was sentenced to a term of 3 years probation, the first 6 months to be served in the Detroit House of Correction. On September 13, 1976, a notice of probation violation was filed, charging that during probation, defendant had three times been convicted of larceny under $100, MCL 750.356; MSA 28.588, and further had not reported to her probation officer since April 20, 1976. Apparently no appeals have been taken from the larceny convictions.

Defendant's probation violation notice included the following provision:

"Wherefore this Court is requested to issue a warrant for probationer's apprehension and detention pending a hearing and to set a date for a hearing on said alleged violation.

"Defendant to be notified by a service of a copy of the petition and of this order, to present witnesses if he desires."

At a later hearing before the court the ensuing colloquy occurred:

"THE COURT: * * * Now, have you—do you have a copy of that notice of probation violation?

"MS. HOOKS: Yes.

"THE COURT: And you've seen this thing and the Court appointed Mr. Arduin as your attorney in the case. Are you satisfied with his representation?

"MS. HOOKS: Yes.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"THE COURT: All right. How does she plead as to—.

"MR. ARDUIN: She pleads guilty, your Honor, to the charge of violation of probation and she has extenuating circumstances and places herself upon the mercy of the Court.

"THE COURT: What extenuating circumstances are there for having criminal convictions while she's on probation?

"MR. ARDUIN: Oh, that, your Honor, she does not deny but she has served the first six months as your Honor has ordered. * * *"

Defendant's probation was revoked and sentence was imposed of 1 year 11 months to 2 years.

Defendant initially alleges on appeal that she was not advised of her right to a probation violation hearing. There is no doubt that a defendant charged with breaching the terms of probation is afforded certain minimal procedural due process rights, including a contested hearing on the charge. MCL 771.4; MSA 28.1134, *People v Michael Brown,* 72 Mich App 7, 10-12; 248 NW2d 695 (1976). This Court has frequently held that a probationer must be advised of that right before a guilty plea can be accepted, and if so informed, defendant waives the right by the subsequent plea. *People v Michael Brown, supra, People v Allen,* 71 Mich App 465; 248 NW2d 588 (1976), *People v Hardin,* 70 Mich App 204; 245 NW2d 566 (1976).

Defendant relies on *People v Radney,* 81 Mich App 303; 265 NW2d 128 (1978), and *People v Michael Brown, supra.* In *Radney* defendant appeared before the court for arraignment without an attorney present, and in response to the court's questioning stated that he had no answer to the charges. It was held that neither the form language on the notice of violations nor the trial judge's mention of the word "hearing" in his collo-

quy with defendant was sufficient to inform the defendant of his right to rebut the charges. Significantly, however, the Court noted that the record did not show that defendant had, in fact, admitted the charged violations.

In *Brown,* defendant was served with written copies of charges of probation violation. Defendant appeared at the hearing, rejected the trial judge's offer of appointed counsel and admitted the probation violations. The Court reversed the revocation of defendant's probation because "defendant was not informed on the record of the possibility of a hearing", 72 Mich App at 14, and because the Court could not find anything in the record before it which indicated that defendant was aware of the availability of a hearing.

The prosecution argues that both *Radney* and *Brown* are distinguishable from the instant case. We see merit in this contention. Here defendant was given sufficient notice of probation violation. Defendant was fully represented by counsel and clearly admitted her probation violations to the court. In *People v Darrell,* 72 Mich App 710, 713-714; 250 NW2d 751 (1976), a bench warrant was served on the defendant, notifying him of the charges and containing language similar to the present case:

"Wherefore, YOUR PETITIONER PRAYS that a Bench Warrant be issued for the apprehension and detention of said probationer pending violation hearing by this court to determine whether or not said probation order shall be revoked."

As defendant was represented by counsel and also admitted the probation violation, the *Darrell* Court concluded that, under the totality of the circumstances, defendant's due process procedural

rights were adequately safeguarded, despite the fact that the defendant had not been told on the record by the trial judge of his right to a contested hearing.

Although we note the existence of a disavowed intent to impose a "checklist format" on trial judges, see *People v Gaudett,* 77 Mich App 496, 501-502; 258 NW2d 535 (1977), we affirm our concern for close adherence to those due process rights given defendants involving probation revocation. Nevertheless, under the present facts, any error was, as a practical matter, non-prejudicial inasmuch as the violations forming the basis for probation revocation consisted in part of three *convictions* from which no appeal was taken. See *People v Darrell, supra* at 713. Unlike situations where the grounds for revocation are subject to refutation, *convictions* leave a defendant little room for polemics. The record also suggests that defendant pled guilty while aware of her opportunity to present extenuating circumstances to be considered in sentencing.

Defendant next alleges that her sentence of 1 year, 11 months to 2 years[1] contravenes the provisions of the indeterminate sentencing act, MCL 769.8; MSA 28.1080, and therefore runs afoul of the rule promulgated in *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972). The statute provides that:

"When any person shall hereafter be convicted for the first time of crime committed after this act takes effect, the punishment for which prescribed by law may

---

[1] MCL 771.4; MSA 28.1134 provides that if probation is terminated or revoked, the trial court may sentence a probationer in the same manner and to the same penalty as it might have done if the probation order had never been made. The maximum jail term upon conviction of issuing a check without account or credit in violation of MCL 750.131a; MSA 28.326(1) is 2 years.

be imprisonment in the state prison at Jackson, the
Michigan reformatory at Ionia, the state house of cor-
rection and branch of the state prison in the upper
peninsula, the Detroit house of correction, or any other
prison, the court imposing sentence shall not fix a
definite term of imprisonment, but shall fix a minimum
term except as hereinafter provided. * * *"

*Tanner* held that a sentence which exceeds two-
thirds of the maximum does not comply with the
act. Thus, if the indeterminate sentencing act
applies to the instant case, the trial judge's imposi-
tion of sentence was erroneous.

The prosecution maintains that reference to
MCL 769.8; MSA 28.1080 is inappropriate since
defendant had been convicted of misdemeanors
antecedent to the offense at bar. It argues that
misdemeanors are crimes and that the punishment
for some misdemeanors includes imprisonment in
the Detroit House of Correction (hereinafter refer-
red to as DeHoCo).

The act applies "[w]hen any person [is] convicted
for the first time of crime" punishable by terms of
imprisonment in the enumerated facilities. All the
facilities are state prisons with the exception of
DeHoCo.

DeHoCo plays a unique and dual role in the
state's corrections system. It operates as an equiva-
lent to a state prison when, pursuant to MCL
802.51; MSA 28.1841, it receives women prisoners
convicted of crimes or offenses punishable by im-
prisonment in a state prison. However, DeHoCo is
classified as an equivalent to a county jail by MCL
769.28; MSA 28.1097(1). That section provides that
persons convicted of crimes punishable by impris-
onment for a maximum of one year or less shall be
sentenced to a county jail or to DeHoCo and *not to
the state penal institution.*

This Court has held that the indeterminate sentencing act is inapplicable to any jail sentence imposed pursuant to MCL 769.28; MSA 28.1097(1). *People v Lyles,* 76 Mich App 688; 257 NW2d 220 (1977), *People v Leonard,* 51 Mich App 368; 214 NW2d 888 (1974), *lv den* 391 Mich 827 (1974). These cases would suggest that the act applies only to DeHoCo's role as a state prison.[2]

The record fails to disclose the circumstances surrounding defendant's previous misdemeanor convictions. Nevertheless, it is unnecessary to remand this case to determine whether defendant's prior convictions were punishable by more than one year in prison, for the result in either situation requires modification of the present sentence.

If defendant's misdemeanors were punishable by less than one-year imprisonment, defendant's present felony conviction, for the reasons cited above, would be governed by the indeterminate sentencing act and *Tanner* would therefore apply. At the same time, however, the definitional section of the Code of Criminal Procedure, MCL 760.1 *et seq.;* MSA 28.841 *et seq.,* of which the indeterminate sentencing act is a part, interprets a felony as "an offense for which the offender, upon conviction, may be punished by death or by imprisonment for more than 1 year or an offense expressly designated by law to be a felony". MCL 761.1(g); MSA 28.843(g).

---

[2] This result is also necessary to avoid a constitutional problem with the indeterminate sentencing act. It appears that the only way a person can be sent to DeHoCo under MCL 769.28; MSA 28.1097(1) is if the county board of supervisors of the county in which a defendant was convicted has an agreement with DeHoCo that the county could send its prisoners there. MCL 802.8; MSA 28.1818. If the indeterminate sentencing act were to apply to DeHoCo's role as a county jail, it would present serious equal protection problems since the statute would distinguish between prisoners sentenced from a county which has an agreement with DeHoCo and those sentenced from counties which had no such agreement.

If defendant's previous convictions were punishable by more than one year, even though qualifying as misdemeanors under other statutory provisions outside the Code of Criminal Procedure,[3] they would be treated as felonies *for purposes of those laws contained in the code, which laws include the indeterminate sentencing act.*[4]

In *Brinson v Genesee Circuit Judge,* 403 Mich 676; 272 NW2d 513 (1978), the Michigan Supreme Court held that defendants, chargeable under the Code of Criminal Procedure as habitual offenders, MCL 769.10-769.12; MSA 28.1082-28.1084 (because of previous *felony* convictions), against whom no supplemental proceedings were instituted are to be afforded the protection of the act and the concurrent benefit of *Tanner.*

Thus, according to either possibility, defendant's sentence for issuing a check without account or credit is modified to 1 year 4 months to 2 years.

Affirmed in part, modified in part.

T. GILLESPIE, J., concurred.

BRONSON, J. *(dissenting).* I dissent for the reasons stated in *People v Radney,* 81 Mich App 303, 307; 265 NW2d 128 (1978), *People v Darrell,* 72 Mich App 710, 714; 250 NW2d 751 (1976) (BRON-

---

[3] See, *e.g.,* MCL 750.324; MSA 28.556, which defines negligent homicide as a misdemeanor, punishable by imprisonment in the state prison for not more than 2 years or by a fine of not more than $2,000, or by both such fine and imprisonment.

[4] MCL 761.1(g); MSA 28.843(g) was amended in 1974 by 1974 PA 63, § 1. The previous definition of felony was "an offense for which the offender, on conviction may be punished by death, or by imprisonment in state prison". Assuming any of defendant's previous convictions predate the amendment, the result would remain the same by virtue of MCL 769.28; MSA 28.1097(1) which requires that persons convicted of crimes punishable by imprisonment for one year or less shall not be sentenced to the state penal institution.

son, J., dissenting), and *People v Michael Brown,*
72 Mich App 7; 248 NW2d 695 (1976).

Defendant was given a notice of violation which
stated that she had a right to a hearing. I would
affirm defendant's conviction even in the absence
of the court directly informing the defendant of
her right to a hearing if there had been any
indication on the notice itself or anywhere in the
record that defendant had read the notice and was
aware of her right to a hearing and understood
what that right entailed. However, there was no
such indication. I cannot assume from a silent
record that defendant knew that she had a right to
a hearing and intelligently and voluntarily waived
that right. I would reverse.