PEOPLE v PRATTO

Docket No. 78-3509. Submitted May 12, 1980, at Detroit.—Decided
August 25, 1980.

Philip G. Pratto pled guilty to breaking and entering an occupied
dwelling with intent to commit larceny and was sentenced to
probation. Subsequently he was found guilty of larceny under
$100, in violation of the terms of his probation. His probation
was subsequently revoked, Wayne Circuit Court, John H. Haus-
ner, J. He appeals, alleging the court erred in accepting his
plea of guilty of violation of probation without advising him of
his right to a contested hearing and without obtaining an
admission that he had violated his probation. *Held:*

Defendant was informed of his right to a contested probation
violation hearing through a bench warrant, and received the
full assistance of counsel prior to entering his plea of guilty to
violation of probation. He admitted his violation by his previ-
ous plea of guilty to the larceny offense which precipitated
revocation of probation, and may not now collaterally attack
that guilty plea.

Affirmed.

MacKenzie, P.J., dissented. She would hold that the sentence
imposed subsequent to defendant's guilty plea should be va-
cated and the case remanded to the trial court for a new
hearing since the record indicates that the defendant, although
represented by counsel, was not directly or indirectly aware of
his right to a contested probation hearing and did not admit to
the substance of all the charges prior to the entry of the plea.
She would vacate the sentence and remand to the trial court
for a new hearing.

· REFERENCES FOR POINTS IN HEADNOTES

[1-6] 21 Am Jur 2d, Criminal Law § 568.
Right to notice and hearing before revocation of suspension of
sentence, parole, conditional pardon, or probation. 29 ALR2d
1074.
[3, 4, 6] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

OPINION OF THE COURT

1. CRIMINAL LAW — PROBATION — RIGHT TO HEARING.

A trial judge need not specifically inform a defendant accused of violating the terms of his probation of his right to a contested probation hearing if the defendant is informed of this right through other means such as through a bench warrant.

2. CRIMINAL LAW — VIOLATION OF PROBATION — PROCEDURAL DUE PROCESS.

The procedural due process rights of a defendant accused of violating the terms of his probation are adequately protected where a defendant is informed of his right to a contested probation hearing, directly or indirectly, is fully represented by counsel, and admits his violation of probation.

3. CRIMINAL LAW — PLEA OF GUILTY — COLLATERAL ATTACK.

A plea of guilty to a crime which precipitates revocation of probation may not be collaterally attacked by a defendant accused of violating the terms of his probation by his insistence that such plea was not an admission of a violation of a term of his probation.

DISSENT BY MACKENZIE, J.

4. CRIMINAL LAW — RIGHT TO HEARING — COURT RULES.

*A defendant, accused of violating the terms of his probation, while not entitled to the full panoply of rights under the guilty plea rule, does have the right to a contested hearing before pleading guilty (GCR 1963, 785.7).*

5. CRIMINAL LAW — PROBATION — RIGHT TO HEARING.

*A defendant accused of violating the terms of his probation need not be directly informed by the trial judge of his right to a contested hearing as long as he is made aware of that right in some manner.*

6. CRIMINAL LAW — PLEA OF GUILTY — SENTENCES.

*A sentence imposed subsequent to an entry of a plea of guilty by a defendant accused of violating the terms of his probation should be vacated, and the case remanded to the trial court for a new hearing, where the defendant, although represented by counsel, was not directly or indirectly aware of his right to a contested probation hearing and did not admit to the substance of all the charges prior to the entry of the plea of guilty.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Vincent D. Giovanni,* for defendant on appeal.

Before: MacKenzie, P.J., and Bashara and D. C. Riley, JJ.

D. C. Riley, J. In 1975, defendant pled guilty to breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305. He was sentenced to three years probation, assessed payment of $540 in court costs and ordered to obey certain conditions. In 1977, he was accused of violating his probation. The Wayne County Circuit Court subsequently revoked his probation and sentenced him to 5 to 15 years imprisonment. Defendant now appeals as of right, claiming that the court reversibly erred by accepting his plea of guilty to violation of probation without advising him of his right to a contested hearing and without obtaining an admission that he had violated his probation.

A trial judge need not specifically inform a defendant of his right to a contested probation hearing if the defendant is informed of this right through other means, *i.e.,* through a bench warrant. See *People v Hooks,* 89 Mich App 124; 279 NW2d 598 (1979), *People v Darrell,* 72 Mich App 710; 250 NW2d 751 (1976). When a defendant is informed of this alternative to pleading guilty, is fully represented by counsel and admits his probation violation, we are satisfied that his procedural due process rights have been adequately protected. See *Hooks, supra, Darrell, supra.*

In the instant case, defendant was informed of his right to a contested probation violation hearing

through the bench warrant. He received the full
assistance of counsel and decided, after conferring
with counsel, to plead guilty to violating probation.
Defendant "admitted" his violation by his previous
plea of guilty to larceny under $100, MCL 750.356;
MSA 28.588, the offense which precipitated revoca-
tion of probation. He may not, now, collaterally
attack that guilty plea. *People v Clements,* 72
Mich App 500, 503-504; 250 NW2d 100 (1976).

After carefully considering the record below, we
conclude that defendant's due process contention
must fail.

Affirmed.

BASHARA, J., concurred.

MACKENZIE, P.J. *(dissenting).* I would reverse
and remand.

Defendant appeals as of right an order revoking
his probation and sentencing him to 5 to 15 years
imprisonment. His sole argument on appeal is that
the trial court erred in accepting his guilty plea
without advising him of his due process right to a
contested hearing and without obtaining an admis-
sion from him that he had in fact violated proba-
tion.

While a defendant, accused of violating his pro-
bation, is not entitled to the full panoply of rights
under the "guilty plea" rule, GCR 1963, 785.7, he
does have the right to a contested hearing before
pleading guilty. *People v Hardin,* 70 Mich App
204, 206-207; 245 NW2d 566 (1976), construing
*Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L
Ed 2d 656 (1973).

Certain panels of this Court have disagreed
regarding what must appear on the record to
satisfy this requirement. It is now clear that the

defendant need not be directly informed by the trial judge of his right to a contested hearing, as long as he is in some manner made aware of that right. *People v Brooks,* 91 Mich App 624, 626; 283 NW2d 817 (1979). In *Brooks,* the Court held that the record must disclose that the defendant was indeed aware of that right. Notwithstanding, other panels have held the defendant's rights were adequately safeguarded where he was served with a bench warrant mentioning his right to a violation hearing, *People v Darrell,* 72 Mich App 710, 713; 250 NW2d 751 (1976), or where, under the totality of the circumstances, the defendant was given sufficient notice of the probation violation and, fully represented by counsel, admitted her violations to the Court, *People v Hooks,* 89 Mich App 124, 129; 279 NW2d 598 (1979).

In the instant case, defendant was served with an order to show cause why the probation order should not be revoked and terminated. However, that document did not inform defendant of his right to a contested hearing. Nor is it clear that defendant was served with a copy of the bench warrant which noted his right to a "violation hearing".

Further, although defendant was represented by counsel at the probation revocation hearing on March 1, 1978, and the sentencing hearing on March 10, 1978, on neither occasion did the judge inform defendant of his right to a contested hearing before pleading guilty.

. Nor did defendant admit the substance of the probation violations at either time. According to the bench warrant, there were three violations:

"1. Contrary to the provision #1 of the Order of Probation which states that 'the probationer shall not, during the term of his probation, violate any criminal

law or ordinance of any state or of the United States or any of their subdivisions,' he has violated this in that on January 5, 1977, he was found guilty of Larceny under $100 under St. Clair Shores Municipal Court Docket No. 354144.

"2. Contrary to provision #3 which states that, 'he shall report to the probation officer as often and in such manner as the latter may require,' he was failed * * * to report in June, July, and August of 1977.

"3. Contrary to provision #5 which states that, 'he shall pay Court costs in the amount of $540.00 at the rate of $15.00 per month,' he has failed to pay $15.00 per month, he has paid nothing to date."

At the probation revocation hearing defendant's counsel stated that defendant did not actually contest these violations but that the reason he had not reported to his probation officer for three months was he was in the army at that time. Additionally, at the sentencing hearing, the following colloquy occurred between the trial judge and defendant:

"DEFENDANT PRATTO: Well, your honor, that larceny thing was something about gas siphoning. Somebody siphoned gas from the neighbor's car and I was working next door at the time it happened and there was nobody else around so the police got me, that larceny under $100.00.

"THE COURT: But you were convicted, were you not?

"DEFENDANT PRATTO: I just said, they told me they would take the $25.00 that I put up for bond and that was that, and I said, 'okay, I will give you $25.00'.

"THE COURT: But you pled guilty?

"DEFENDANT PRATTO: Yes, your Honor."

Since the facts recited above give no indication that defendant was aware of his right to a contested hearing or that he admitted all the charges, I would vacate the sentence and remand to the trial court for a new hearing.