PEOPLE v ADAMS

Docket No. 51293. Submitted June 26, 1980, at Detroit.—Decided December 16, 1980.

Jerry Adams, charged with first-degree murder, pled guilty to the lesser charge of manslaughter and was placed on probation. Subsequently, he was charged with violation of probation. He pled guilty and, following a revocation of probation, was sentenced to prison, Detroit Recorder's Court, Michael J. Conner, J. He appealed to the Court of Appeals and the people moved to affirm the decision of the trial court, which motion was granted. Defendant thereafter sought leave to appeal to the Supreme Court which, in lieu of granting leave to appeal, reversed the grant of the people's motion by the Court of Appeals and remanded the case to that Court for plenary consideration. 408 Mich 915 (1980). *Held:*

1. The record negates defendant's claim that he was not advised of his right to a contested hearing on the charges of probation violation before he pled guilty.

2. The record fully supports the conclusion that defendant intelligently and voluntarily waived his right to a more timely notice of the charges against him.

3. Defendant's probation revocation was based on conduct proscribed by his order of probation.

Affirmed.

1. CRIMINAL LAW — PROBATION VIOLATIONS — RIGHT TO HEARING — STATUTES.

A defendant charged with breaching the terms of his probation shall be afforded certain minimal due process rights, including a contested hearing (MCL 771.4; MSA 28.1134).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 568.

Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

[3] 21 Am Jur 2d, Criminal Law §§ 495, 567, 568.

2. CRIMINAL LAW — PROBATION VIOLATIONS — GUILTY PLEAS —
   APPRISAL OF RIGHTS — WAIVER OF RIGHTS.

   A probationer charged with probation violation must be advised
   of his right to a contested hearing before a plea of guilty to the
   violation can be accepted; a defendant so informed waives the
   right to a contested hearing by his subsequent plea.

3. CRIMINAL LAW — PROBATION VIOLATIONS — GUILTY PLEAS —
   NOTICE — WAIVER.

   A plea of guilty to charges of probation violation waives a
   defendant's right to a more timely notice where the waiver is
   intelligent and voluntary.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Dianne M. Odrobina,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and A. C. MILLER,* JJ.

V. J. BRENNAN, J. Defendant appeals from an order revoking probation and imposing sentence.

Defendant initially was charged with first-degree murder contrary to MCL 750.316; MSA 28.548. On July 28, 1977, he pled guilty to the lesser charge of manslaughter, MCL 750.321; MSA 28.553. On August 8, 1977, defendant was placed on probation for a term of five years, assessed costs of $750, and ordered to obey certain conditions. On October 5, 1978, a notice of probation violation was presented to the court, and a warrant issued. Subsequently, on January 26, 1979, this notice of probation violation was served on defendant. On the same day, defendant appeared with counsel at the probation

---

* Circuit judge, sitting on the Court of Appeals by assignment.

violation hearing. He pled guilty to the three charges of probation violation. The trial court revoked his probation and imposed sentence of 4 to 15 years imprisonment. Defendant appealed as of right, and the people, pursuant to GCR 1963, 817.5(3), submitted a motion to affirm. The motion to affirm was granted by this Court. Thereafter, defendant sought leave to appeal this Court's affirmance to the Michigan Supreme Court. The Supreme Court, in lieu of granting leave to appeal, reversed and remanded the case to this Court for plenary consideration. 408 Mich 915 (1980).

On appeal, defendant claims that he was not advised of his right to a hearing before he pled guilty. The record negates this claim.

A defendant charged with breaching the terms of probation is to be afforded certain minimal due process rights, including a contested hearing. MCL 771.4; MSA 28.1134. *People v Rial,* 399 Mich 431; 249 NW2d 114 (1976). This Court has frequently held that a probationer must be advised of this right before a guilty plea can be accepted, and, if so informed, defendant waives the right by a subsequent plea. *People v Brooks,* 91 Mich App 624, 626; 283 NW2d 817 (1979), *People v Hooks,* 89 Mich App 124, 128; 279 NW2d 598 (1979), *People v Darrell,* 72 Mich App 710, 713; 250 NW2d 751 (1976).

In the instant case, defendant's probation violation notice included the following provision:

"Wherefore this Court is requested to issue a warrant for probationer's apprehension and detention pending a hearing and to set a date for a hearing on said alleged violation.

"Defendant to be notified by a service of a copy of the petition and of this order, to present witnesses if he desires."

This is identical to the probation violation notice described as adequate to provide notice in *Hooks, supra.* The record likewise discloses that the notice was received by the defendant, and, hence, the problem facing the Court in *Brooks, supra,* was circumvented. The defendant acknowledged service on the back of the form. Further, the trial court, prior to accepting defendant's plea, inquired whether the defendant had been served with the probation violation notice. An affirmative answer was given. Therefore, on this record, we conclude that the defendant indeed was aware of his right to a contested hearing prior to his pleading guilty.

Next, defendant claims that he was not given timely notice of the charges against him. Presently, there is a split of authority in this Court on whether a plea of guilty waives the right to timely notice. Compare the majority and dissenting opinions in *People v Bell,* 67 Mich App 351; 241 NW2d 203 (1976), *lv den* 397 Mich 807 (1976), and *People v Broadnax,* 98 Mich App 338; 296 NW2d 253 (1980), with *People v Lawrence,* 90 Mich App 73; 282 NW2d 247 (1979), *lv den* 407 Mich 851 (1979), and *People v Ojaniemi,* 93 Mich App 200; 285 NW2d 816 (1979).

However, the touchstone of all these decisions was a determination, based on the totality of circumstances, of whether the defendant intelligently and voluntarily waived his right to a more timely notice which would have enabled him to more adequately prepare for the hearing.

On the facts and circumstances of the present case, we conclude that there was no due process violation based on a lack of an intelligent waiver of the right to timely notice. Defendant received written notice which contained the specific charges of probation violation. The charges were clearly

laid out and factually uncomplicated. He had an opportunity to discuss these charges with an attorney prior to the hearing and decided after conferring with counsel to plead guilty. The record indicates that the defendant was again apprised by the court of each charge. He admitted guilt to each individual charge but also offered mitigating circumstances for the court's consideration as to two charges. The probation officer then presented the court with proof of each of the probation violations. Defendant did not contest the accuracy of the probation officer's testimony. Finally, although represented by counsel, there was no request for an adjournment. This record fully supports the conclusion that defendant intelligently and voluntarily waived the right to more timely notice, but, more particularly, the defendant was given a complete hearing and an opportunity to rebut any allegations in the notice. Nowhere does he say there were false charges, and the charges presented clearly constitute probation violation.

Lastly, defendant contends that his probation revocation was based on conduct not proscribed by his order of probation. This contention is without merit. Defendant's order of probation provided, *inter alia,* that he should not violate any state or Federal criminal law, and that he should make weekly reports and should cooperate at all times with his probation officer. Clearly, these conditions proscribed the taking of drugs and failure to report to his probation officer for six months.

Defendant's probation revocation is affirmed.