PEOPLE v EDWARDS

Docket No. 58683. Submitted March 5, 1982, at Detroit.—Decided May 18, 1983.

Richard H. Edwards pled guilty to a charge of probation violation and was sentenced to prison, Recorder's Court of Detroit, Joseph A. Gillis, J. Defendant appeals, alleging that the trial court erred by failing to inform him that he had a right to a contested hearing on the probation violation charge as an alternative to pleading guilty. *Held:*

The trial court is required to specifically inform a defendant that he has a right to a contested hearing on the probation violation charges as an alternative to pleading guilty. Failure to so inform the defendant requires reversal of the revocation of probation unless there is direct and affirmative proof that the defendant was aware that he had such a right and that he was waiving the right by pleading guilty. In this case the defendant was not told that he had the right to a contested hearing and the record does not support the conclusion that he was aware of such a right.

Reversed and remanded.

CRIMINAL LAW — PROBATION REVOCATION — RIGHT TO CONTESTED HEARING.

A trial court is required, at a probation revocation hearing, to specifically inform the defendant that, as an alternative to pleading guilty to the probation violation charges, he has the right to a hearing in which he will have the opportunity to contest the charges; failure to so inform the defendant requires reversal absent direct and affirmative proof that the defendant was aware that he had such a right and that he would be waiving the right by pleading guilty.

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 579.

Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

*Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *William T. Morris,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: R. M. MAHER, P.J., and BEASLEY and P. J. MARUTIAK,* JJ.

PER CURIAM. Defendant pled guilty to violation of his probation and was sentenced to 10 to 20 years in prison. He appeals as of right.

Defendant's sole contention on appeal is that the trial court erred by failing to inform him, prior to acceptance of his plea, that he had the right to a contested hearing as an alternative to pleading guilty. Various panels of this Court have disagreed on the validity of this argument. Compare *People v Darrell,* 72 Mich App 710; 250 NW2d 751 (1976); *People v Hooks,* 89 Mich App 124; 279 NW2d 598 (1979), and *People v Pratto,* 99 Mich App 521; 298 NW2d 21 (1980), with *People v Hardin,* 70 Mich App 204; 245 NW2d 566 (1976); *People v Allen,* 71 Mich App 465; 248 NW2d 588 (1976); *People v Michael Brown,* 72 Mich App 7; 248 NW2d 695 (1976); *People v Brooks,* 91 Mich App 624; 283 NW2d 817 (1979), and *People v Gaudett,* 77 Mich App 496; 258 NW2d 535 (1977). This Court appears to agree that a defendant cannot make a valid waiver of his right to a hearing unless he is aware that he has such a right. The principal area of disagreement is over the amount of evidence that is necessary to show that a defendant was aware of this right.

Some panels of this Court[1] have concluded, erro-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] See, *e.g., Darrell, supra,* and *Pratto, supra.*

neously,[2] that the record need only show that the defendant received a notice referring to a violation hearing.

In *People v Ealey,* 411 Mich 987 (1981), the Supreme Court summarily reversed a revocation of probation on the ground that the record failed "to show that the defendant was notified of his right to a contested hearing".[3] In our view, due process and *Ealey* require the trial court, at the very least, to specifically inform each defendant that, as an alternative to pleading guilty, he has the right to a hearing in which he will have an opportunity to contest the charges against him. Failure to so inform the defendant requires reversal absent direct and affirmative proof that the defendant was aware that he had such a right and that it would be waived by a plea of guilty.[4] It is therefore necessary to examine the record in the case at bar to determine whether the trial court informed the defendant that, as an alternative to pleading guilty, he had the right to a hearing in which he would have had an opportunity to contest the charges against him.

The transcript discloses the following exchange:

"*The Court:* What is your plea as to not reporting since last October 30th to probation?

"*Defendant:* I didn't report.

"*The Court:* Have you reported since October 30th?

"*Defendant:* Through telephone.

"*The Court:* Did they tell you to come down?

"*Defendant:* At the time she said that she would like to see me.

---

[2] This position has been squarely repudiated by the Supreme Court in *People v Adams,* 411 Mich 1070; 310 NW2d 671 (1981), summarily reversing 102 Mich App 509; 302 NW2d 214 (1980).

[3] See also *Adams, supra,* fn 2.

[4] *People v Moore,* 121 Mich App 452; 328 NW2d 662 (1982).

"*The Court:* Did you ever see her?

"*Defendant:* No sir.

"*The Court:* All right, you are pleading guilty to not reporting for the last six months, November, December, January, February, March, April.

"*Defendant:* Well, it was prior to that that I talked to her; but that was the last time that I had seen her.

"*Ms. Wolny:* The record indicates that the defendant called the probation officer on January 15, 1981, was instructed to come in on that particular date. He did not do so.

"*The Court:* Now, Mr. Edwards, you have a right to have a lawyer. If you have no money for a lawyer, the court will appoint one for you at no cost. You have a right to have the probation officer Sheila Cochran from the drug program come in and testify you haven't reported. You have a right to present witnesses in your own behalf. Knowing all these rights, do you still wish to plead guilty that you haven't reported in the last six months to the probation department in person?

"*Defendant:* I'm guilty to that.

"*The Court:* All right, I will accept the plea and revoke probation."

The trial court never informed defendant that he had the right to a contested hearing. However, the court apprised defendant of certain aspects of the right to a contested hearing: the right to present witnesses in his own behalf and the right to have a probation officer testify that he hadn't reported. We find the latter "right", as enunciated by the trial court, somewhat meaningless, essentially amounting to a right to be accused of wrongdoing. Particularly in light of the fact that defendant was unrepresented by counsel, we cannot conclude, on the basis of the present record, that defendant was aware of his right to a contested hearing.

The prosecution insists that defendant's receipt of a notice of probation violation mentioning the

right to a hearing shows that defendant was aware of this right. As we have indicated previously, this claim is without merit. *Adams, supra.* Absent direct and affirmative proof that defendant read the notice and understood it, reversal is required.

Once again, we urge the bench and bar to comply with our directives on this issue. In order to ensure the voluntariness of such waivers, each defendant should be informed that, as an alternative to pleading guilty, he has the right to a hearing in which he will have an opportunity to contest the charges against him.

Reversed and remanded for further proceedings in accordance with this opinion.

BEASLEY, J., concurs in the result only.