# KATHLEEN ELAINE HOWLETT *v.* STATE OF MARYLAND

[No. 40, September Term, 1982.]

*Decided February 22, 1983.*

420

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Gary S. Offutt, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Stephen Rosenbaum, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

MURPHY, C. J., delivered the opinion of the Court.

We granted certiorari primarily to consider whether a probationer's admission of violating the conditions of a probationary order constitutes a plea of guilty which is subject to the requirements of Maryland Rule 731 c. That rule at the time of this case provided:

"c. *Plea of Guilty.*
    The court may not accept a plea of guilty without first questioning the defendant on the record to determine that the plea is made voluntarily, with understanding of the nature of the charge and the consequences of the plea. The court may accept the plea of guilty even though the defendant does not admit that he is in fact guilty if the court is satisfied

that there is a factual basis for the plea. If the court refuses to accept a plea of guilty, the court shall enter a plea of not guilty." [1]

The record discloses that on January 7, 1980 the appellant Howlett pleaded guilty in the Circuit Court for Washington County to two counts of forgery. She was sentenced to two consecutive five-year terms of imprisonment; the sentences were suspended and she was placed on probation for three years upon condition that she obey all laws. She did not appeal.

On May 28, 1981, Howlett was charged with violating her probation. A hearing was conducted in the Circuit Court for Washington County at which she was represented by counsel. The trial judge (Corderman, J.) opened the proceedings by stating that Howlett was alleged to have violated the condition of her probation that she obey all laws. The court asked Howlett's counsel whether Howlett admitted or denied the violation. Counsel stated that Howlett admitted "the involvement." The court thereafter asked the prosecutor to state the facts upon which the State intended to rely in proving the violation. The prosecutor stated that Howlett had been convicted of conspiracy and receiving stolen goods in Pennsylvania and placed on fifteen months' supervised probation. In response to the court's question whether Howlett admitted the Pennsylvania convictions, her counsel answered in the affirmative. The court then asked Howlett whether she admitted the convictions. She said that she did. The court then stated that it accepted Howlett's admission and was satisfied that she had violated the terms of her probation.

---

1. Rule 731 c was modified on January 1, 1982 to permit the prosecutor or defense counsel to examine the defendant. The rule now reads, in pertinent part:

"If the defendant tenders a plea of guilty, the court may not accept the plea until it determines, after an examination of the defendant on the record in open court by the court, by the State's Attorney, by the attorney for the defendant, or by any combination thereof, that the plea is made voluntarily, with understanding of the nature of the charge and the consequences of the plea. . . ."

The court then asked the prosecutor to recommend a disposition. He urged that Howlett's probation be revoked. The court thereafter asked Howlett's counsel for a suggested disposition. Counsel called Howlett's probation agent as a witness "in mitigation to review some aspects of . . . [Howlett's] record and her dealings with the Defendant." The agent testified concerning her supervision of Howlett, said that she was cooperative but lacking in judgment and common sense, that she was immature and emotionally "shaky," but nevertheless rational. The witness stated that Howlett was arrested on November 29, 1980 and outlined the details underlying the Pennsylvania convictions. Thereafter, Howlett was afforded an opportunity to address the court on the matter of disposition. She admitted her "mistake" in Pennsylvania and asked the court for mercy. The court said that it had "run out of mercy in this case"; that the court had spent considerable time with Howlett in the past and had given her a number of "breaks." It reimposed the suspended sentences.

On appeal, Howlett argued that the lower court's order revoking her probation should be vacated because the record failed to demonstrate that her guilty plea was entered and accepted in compliance with Maryland Rule 731 c. The Court of Special Appeals, in answer to this contention, as well as others advanced by Howlett, concluded that a probation revocation hearing was not within the ambit of Rule 731 c; that due process had been afforded to Howlett in the probation revocation proceedings in that, prior to her admission of the violation, the prosecutor had outlined the specific order violated by the Pennsylvania criminal convictions; that the record made it clear that Howlett voluntarily and intelligently admitted the violation of probation; and that the hearing amply complied with the requirements of fundamental fairness. *Howlett v. State,* 51 Md. App. 162, 441 A.2d 1112 (1982).

Before us, Howlett reasserts her argument that Rule 731 c is applicable to probation revocation proceedings. She urges that the requirements of Rule 731 c are not restricted

to guilty pleas to criminal charges. Quoting from *Brown v. State,* 237 Md. 492, 504, 207 A.2d 103 (1965), Howlett maintains that the meaning of a rule "does not depend upon the niceties of definition but upon the reasonable intendment of the language used in the light of the purpose to be effectuated." Howlett contends that Rule 731 c was written to insure that a person pleading guilty to a charge that may result in a loss of liberty acts "voluntarily, with understanding of the nature of the charge and the consequences of the plea." She argues that her admission of the Pennsylvania convictions was tantamount to a confession of guilt to violating her probation and that under Rule 731 c the court was required, prior to acceptance of her plea, to question her to determine that the plea was knowingly and voluntarily entered. Howlett relies on *State v. Bryan,* 284 Md. 152, 395 A.2d 475 (1978).

## I

Both by its terms and placement in the Maryland Rules, Rule 731 c is not applicable in a probation revocation hearing. The rule provides in subsection a that a defendant may plead "not guilty, guilty, or, with the consent of the court, *nolo contendere."* Subsection b 2 of the rule requires that the plea be made "within 15 days after the earlier of the appearance of counsel or the first appearance of the defendant before the court pursuant to Rule 723 (Appearance — Provision for or Waiver of Counsel)." Rule 723 requires the defendant to appear before the court in response to a summons issued pursuant to Rule 720 after a charging document has been filed. Thus, the requirement of Rule 731 c that the court, upon the tendering of a guilty plea, determine that the plea is made with an understanding of the nature of the "charge" has reference to the "charging document," defined in Rule 702 a as "a written accusation, filed in court, alleging that a defendant has committed an offense." Under this rule, a charging document specifically includes an indictment, an information or a District Court

charging document.[2] Rule 702 e defines an "offense" as a "violation of the criminal laws of this State or a political subdivision thereof." Rule 710 a requires that "[a]n offense shall be tried only on a charging document."

Considering these provisions in context, and in relation to each other, it is manifest that Rule 731 c is limited in application to the taking of a guilty plea in the initial phase of a criminal prosecution. While a probation revocation proceeding relates directly to the criminal case of the substantive offense, the proceeding is not itself a new criminal prosecution; the commission of a crime is not charged and the alleged violation of probation, if established, is not punishable beyond the reimposition of the original sentence imposed. *State v. Bryan,* 284 Md. 152, 395 A.2d 475 (1978). A person charged with a violation of probation is not, therefore, invested with all the rights constitutionally accruing to the defendant in a criminal prosecution and the hearing is not subject to all the limitations imposed by law upon a trial leading to conviction. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973); *State v. Bryan, supra.*

That Rule 731 c was not intended to apply at probation revocation hearings is further evident from a review of the structure of the criminal rules governing the prosecution of criminal cases in the circuit courts. Chapter 700, entitled "Criminal Causes," follows a chronological progression through the trial. From general matters of definition, purpose and construction (Rules 701-702), the headings of the rules progress through "Charging Document" (Rules 710-13), "Initial Processing" (Rules 720-25), "Pleas and Motions" (Rules 730-37), "Matters Preliminary to Trial" (Rules 740-46), "Trial" (Rules 750-64), "Post-Trial Procedure" (Rules 770-78), and "Miscellaneous" matters (Rules 780-85). Rule 731, positioned within the "Pleas and Motions" provisions of the rules, is directed to pre-trial motions and pleadings. Rule 775, included within the "Post-Trial Proce-

---

2. Maryland District Rule 702 a provides that a "charging document" includes a citation, an information, a statement of charges and a traffic adjudication docket.

dure" division of the rules, provides in subsection a that the court, when placing a defendant on probation, must advise him "of the conditions and duration of probation and the possible consequences of a violation of any condition thereof." Rule 775 b permits the court to modify, clarify or terminate any condition of probation, change the duration thereof, or impose additional conditions. Rule 775 c authorizes the court, sua sponte, or on motion of the prosecutor, to "hold a hearing to determine whether any condition of probation has been violated." Subsection c of Rule 775 further requires that notice of each alleged violation shall be given to the probationer "sufficiently before the hearing to permit him a reasonable opportunity to rebut the charges." Nothing in the self-contained "Probation" provisions of Rule 775 purports to import the requirements of Rule 731 c into a probation revocation proceeding.

Other jurisdictions having a rule similar to Rule 731 c have concluded that the rule does not apply to probation revocation proceedings. In *United States v. Segal,* 549 F.2d 1293 (9th Cir.), *cert. denied,* 431 U.S. 919 (1977), the court held that Rule 11 of the Federal Rules of Criminal Procedure, a rule markedly similar to Maryland Rule 731 c *(see State v. Priet,* 289 Md. 267, 282, 424 A.2d 349 (1981)), was not applicable to probation revocation proceedings. The court said:

> "By its [Rule 11's] terms, the court must advise a defendant '[b]efore accepting a plea of guilty.' . . . It is the taking of the plea, not the imposition of sentence or the revocation of probation, to which the rule is addressed. Indeed, the advisory committee notes make no reference to protection from an admission of wrongdoing outside the context of a plea of guilty to a criminal charge. If the Supreme Court and Congress wish to extend the application of Rule 11 to new areas, they are free to do so. But it would be officious meddling for a court of appeals to amend the rule. We decline to do so."
> 549 F.2d at 1296.

*Accord: United States v. Stehl,* 665 F.2d 58 (4th Cir. 1981); *United States v. Johns,* 625 F.2d 1175 (5th Cir. 1980); *United States v. Hill,* 548 F.2d 1380 (9th Cir. 1977). State jurisdictions have reached the same result when interpreting a rule similar to Maryland Rule 731 c. *See State v. Guenther,* 122 Ariz. 196, 593 P.2d 946 (1979); *People v. Beard,* 59 Ill.2d 220, 319 N.E.2d 745 (1974); *People v. Rial,* 399 Mich. 431, 249 N.W.2d 114 (1976).

*State v. Bryan, supra,* upon which Howlett places reliance, is not apposite. That case held that probation revocation proceedings were included within the right to counsel provisions of Maryland Rule 723 because the rule, in specific terms, applied "at any proceeding after [the defendant's] appearance pursuant to section a of this Rule," thus having a continuing effect throughout subsequent proceedings. Rule 731 does not contain equivalent language.

## II

Howlett next contends that even if the provisions of Rule 731 c do not apply to probation revocation proceedings, due process requires an affirmative showing on the record that her admission to having violated the probationary order was knowingly and voluntarily made, with an understanding of the nature of the violation, as well as its consequences. She maintains that the record fails to disclose that she was aware of her right to contest the State's accusation; that the record does not demonstrate that her "plea" was voluntary and knowing; or even that she was entitled to a hearing to determine her culpability for the alleged violation. She relies mainly upon *People v. Hardin,* 70 Mich. App. 204, 245 N.W.2d 566 (1976) and *People v. Adams,* 411 Mich. 1070, 310 N.W.2d 671 (1981), cases which hold that in probation revocation proceedings the probationer's plea to the probation violation charge must be voluntarily and knowingly made.

The Supreme Court made it clear in *Gagnon v. Scarpelli, supra,* that the full panoply of constitutional rights due a defendant at a criminal trial has no application in probation revocation hearings. Rather, as the Court there said, the legality of such proceedings is to be tested by fundamental fairness — the touchstone of due process. *Gagnon, supra,* 411 U.S. at 790; *State v. Bryan, supra,* 284 Md. at 159 n. 6. Within this general standard, the record in this case discloses that Howlett's hearing was a fair one. The court explained the basis for the alleged violation at the outset of the hearing. Howlett was advised in the presence of her counsel that she was charged with having violated that condition of her probation that she obey all laws. Howlett has never contended that she did not understand the nature of the claimed violation. She readily admitted having been convicted of the Pennsylvania offenses; indeed, the convictions are matters of public record. Howlett does not now claim, nor did she contend in the Court of Special Appeals, that she did not commit the offenses or that, having committed them, did not know that the probationary order had thereby been violated. She has never contended that she did not understand the consequences of violating her probation, or that the court, at the time she was placed on probation, did not advise her of the consequences of violating her probation, as expressly required by Rule 775 a. Howlett does not even contend that her admission to the convictions was in fact involuntary, coerced or unknowingly made, but only that the record fails affirmatively to disclose adequate inquiry by the court to satisfy all requisite due process considerations.

Nothing in *Gagnon,* or in *Morrissey v. Brewer,* 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), involving parole revocation hearings, requires that any particular litany be followed to determine whether a probationer or parolee understands and acts voluntarily and knowingly during the course of revocation proceedings. All that the record is required to disclose in probation revocation hearings is that the charge was explained to the probationer in

understandable terms and that his responses demonstrated that his actions were knowing and voluntary. That determination can only be made on a case-by-case basis, taking into account all relevant circumstances in their totality as disclosed by the record. *Compare Dortch v. State,* 290 Md. 229, 428 A.2d 1220 (1981); *State v. Priet,* 289 Md. 267, 424 A.2d 349 (1981); *Davis v. State,* 278 Md. 103, 361 A.2d 113 (1976). From the colloquy between the court, counsel and Howlett, we think it evident in this very simple case that Howlett understood that she was entitled to contest the charge, that she understood its nature and consequences, and that her admissions were knowing and voluntary. We conclude that due process, to the extent required in probation revocation hearings by *Gagnon,* was not offended in this case.

*Judgment affirmed, with costs.*