562 A.2d 1254

**Joseph Edward HERSCH, Jr.**

v.

**STATE of Maryland.**

**Ronald E. CLEARY**

v.

**STATE of Maryland.**

**Nos. 26, 27, Sept. Term 1988.**

Court of Appeals of Maryland.

Sept. 7, 1989.

Julia Doyle Bernhardt, Asst. Public Defender (Alan H. Murrell, Public Defender, both on brief), Baltimore, for petitioner Hersch.

Victor S. Keating, Asst. Public Defender (Alan H. Murrell, Public Defender, both on brief), Baltimore, for petitioner Cleary.

Mary Ellen Barbera, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

McAULIFFE, Judge.

These two cases, tried separately in the Circuit Court for Prince George's County, generate the same question—may a waiver of the right to a hearing and to adequate proof of a violation of probation be accomplished by a defendant's attorney, or is the right so substantial that waiver of it requires a personal, knowing, and intelligent waiver by the defendant?

## I.

Joseph Edward Hersch was convicted in 1984 of possession of PCP with the intent to distribute. He was sentenced to twenty years imprisonment, but the execution of all except one year of the sentence was suspended, and the defendant was placed on five years supervised probation. Among the conditions of his probation were that he "obey all laws," and that he "not illegally possess, use, or sell any narcotic drug, 'controlled dangerous substance,' or related paraphernalia." In July of 1986 a violation of probation hearing was held, and it was determined that Hersch had been convicted in Calvert County in 1985 of driving while intoxicated. Judge Arthur Ahalt found the defendant in violation of probation, directed that he serve seven days imprisonment, and then reinstated the probation.

Four months later, Hersch was again brought before Judge Ahalt for a violation hearing, on the allegation that a

urine specimen given by the defendant on October 9, 1986, tested positive for PCP. The adjudicatory portion of the violation hearing of May 27, 1987, was brief:

**Defendant's Attorney:** Good morning, Your Honor. Ronald Eagelston representing the defendant.

**The Court:** Does the defendant admit or deny the allegations?

**Defendant's Attorney:** He admits, Your Honor.

**The Court:** All right. I will hear you concerning sentencing.

After the judge heard from both counsel and the probation officer on the question of disposition, he permitted the defendant to allocute. Hersch admitted he had a severe drug problem, and requested a drug rehabilitation program instead of incarceration. There was no discussion of the urine specimen, or of the defendant's possible recent use of PCP. The trial judge reimposed the original sentence of twenty years imprisonment, with credit for time previously served.

Ronald E. Cleary was convicted in 1973 in the Circuit Court for Prince George's County of statutory daytime housebreaking, and was sentenced to ten years imprisonment. The execution of all except the first eighty-one days of the sentence was suspended, and the defendant was placed on supervised probation for five years. Cleary's probation contract contained the usual conditions, including the requirements that he obey all laws, report to the assigned probation agent as directed, and not change his home address before obtaining permission from his probation agent.

In August of 1986 the Division of Parole and Probation notified the trial judge that Cleary had changed his address without permission, and had absconded from supervision. In January of 1987, the defendant was arrested on a warrant, served with a copy of the petition for revocation, and released on personal recognizance. Shortly thereafter, however, Cleary was arrested on three new theft charges, and was ordered held in the Prince George's County Deten-

tion Center. In April, after disposition of the three theft charges, the defendant requested a bond hearing in connection with his detention for the alleged violation of probation. A bond hearing was held on May 11 and, after the trial judge indicated he was not inclined to reduce the bond, the following occurred:

**Defendant's Attorney:** Is there some way of expediting the hearing?

**The Court:** Well, sure. We can expedite the hearing. There is a petition in here. I am sure if your client wants to waive a formal amended petition, and allow the State to amend this petition, to reflect the violations, we can hold the violation hearing right now.

**Defendant's Attorney:** We have no objection to amend and include an additional count: Condition of failure to obey all laws.

* * * * * *

**The Court:** The State, wanting to add "Failure to obey all laws," is granted. I have made the amendment to the petition. How does your client—

**Defendant's Attorney:** To that amended count we would enter an initial plea of guilty.

**The Court:** You admit that he did not obey all laws during the period of his probation?

**Defendant's Attorney:** That is correct, Your Honor, and with an explanation.

**The Court:** I will hear from you.

Cleary's attorney then explained that two of the three recent charges against the defendant had been dismissed by the State, and that the defendant had pled guilty to a charge of petty theft. He said the defendant had received a sentence that was suspended as to all except time served, and had been placed on supervised probation for one year. The attorney admitted that the conviction amounted to a violation of Cleary's probation, but asked for a reduced sentence to the local detention facility so that the defendant might be considered for work release. The State requested

reimposition of the original sentence, and the trial judge then offered the defendant the right of allocution. The defendant said only that he was having problems with drugs. The trial judge reimposed the original sentence of ten years incarceration, with credit for time served.

Both defendants appealed, contending that an admission of violation and waiver of the right to a hearing made by counsel, unaccompanied by any indication of record that the defendant understood and acquiesced in the admission and waiver, was constitutionally inadequate. In unreported opinions, the Court of Special Appeals affirmed the action of the lower court in each case, and we granted the defendants' petitions for certiorari.

## II.

The question stated in Hersch's petition for certiorari is representative of the question posed in each case:

Whether an admission of violation of probation can be knowing and voluntary where the charge is not explained to the probationer, he does not personally address the court, and there is nothing in the record evidencing an understanding of his due process rights to contest the charges.

In *Curtis v. State*, 284 Md. 132, 395 A.2d 464 (1978), Judge Eldridge for the Court reviewed the several meanings of the term "waiver," and the standards applicable to various types of waivers in criminal proceedings. We pointed out there, as well as later in *Williams v. State*, 292 Md. 201, 215, 438 A.2d 1301 (1981), that although there are a number of "rights" possessed by a defendant that may be waived by the action or inaction of counsel, there were certain fundamental rights that can be waived only where the record affirmatively discloses a voluntary, knowing, and intelligent relinquishment of the right by the defendant himself.

The stricter waiver standard has been fully described by the United States Supreme Court in cases such as *Johnson*

*v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938); *Fay v. Noia,* 372 U.S. 391, 439, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963); and *Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962). Rights to which the stricter standard has been applied in criminal cases include the right to counsel, *Johnson v. Zerbst, supra,* 304 U.S. at 464, 58 S.Ct. at 1023; the right to trial by jury, *Adams v. United States,* 317 U.S. 269, 275, 63 S.Ct. 236, 240, 87 L.Ed. 268 (1942); the privilege against compelled self-incrimination, *Emspak v. United States,* 349 U.S. 190, 194–95, 75 S.Ct. 687, 690–91, 99 L.Ed. 997 (1955); the rights granted by the Double Jeopardy Clause, *Green v. United States,* 355 U.S. 184, 191, 78 S.Ct. 221, 225, 2 L.Ed.2d 199 (1957); and the rights granted by the Confrontation Clause, *Brookhart v. Janis,* 384 U.S. 1, 4, 86 S.Ct. 1245, 1246, 16 L.Ed.2d 314 (1966); *State v. Collins,* 265 Md. 70, 79–80, 288 A.2d 163 (1972). Similarly, in *Kercheval v. United States,* 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927), the Supreme Court held that a plea of guilty "shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences." *See also Machibroda v. United States,* 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962).

Accordingly, if we were dealing with a guilty plea entered in a criminal case, the answer would be clear—a knowing and intelligent waiver by the defendant would be required. *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Machibroda, supra,* 368 U.S. at 493, 82 S.Ct. at 513; *Sutton v. State,* 289 Md. 359, 364–65, 424 A.2d 755 (1981); *State v. Priet,* 289 Md. 267, 275, 424 A.2d 349 (1981).

Admitting a violation of probation, however, is not the legal equivalent of entering a guilty plea in a criminal case. *Maus v. State,* 311 Md. 85, 91, 532 A.2d 1066 (1987); *Howlett v. State,* 295 Md. 419, 423–24, 456 A.2d 375 (1983). A revocation of probation proceeding, although frequently docketed in the criminal proceeding from which it arises, is "firmly established as a civil action. . . ." *Chase v. State,* 309 Md. 224, 239, 522 A.2d 1348 (1987). Maryland Rule

4–242, dealing with guilty pleas, does not apply to probation revocation proceedings. *See Howlett, supra,* 295 Md. at 424, 456 A.2d 375, and Maryland Rule 4–346(c).

However, the fact that a probation violation proceeding is civil in nature is also not dispositive. Although a probationer facing violation is not entitled to the full panoply of constitutional rights available to a criminal defendant, the probationer is entitled to significant protections because of constitutional, statutory, and common law requirements. A probation revocation proceeding can, and often does, result in immediate deprivation of liberty. Because the Fourteenth Amendment guarantees that no person shall be deprived of liberty without due process of law, the Supreme Court has said that many, though not all, of the constitutional protections available to criminal defendants must be afforded to persons facing revocation of parole or probation. *Morrissey v. Brewer,* 408 U.S. 471, 480–82, 92 S.Ct. 2593, 2599–2601, 33 L.Ed.2d 484 (1972); *Gagnon v. Scarpelli,* 411 U.S. 778, 781–82, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656 (1973). *See also Black v. Romano,* 471 U.S. 606, 610–12, 105 S.Ct. 2254, 2257–58, 85 L.Ed.2d 636 (1985), and *Bearden v. Georgia,* 461 U.S. 660, 666, 103 S.Ct. 2064, 2069, 76 L.Ed.2d 221 (1983). Precisely what process is due depends upon a number of factors. "Probationers have an obvious interest in retaining their conditional liberty and the State also has an interest in assuming that revocation proceedings are based on accurate findings of fact and where appropriate, the informed exercise of discretion." *Black, supra,* 471 U.S. at 611, 105 S.Ct. at 2257. On the other hand, it is important that the proceedings not be fettered by the "imposition of rigid requirements that would threaten the informal nature of probation revocation proceedings or interfere with exercise of discretion by the sentencing authority." *Id.*

Seeking to accomodate a fair balance between these interests, the Supreme Court has held that the following rights apply to a probation revocation proceeding:

The probationer is entitled to written notice of the claimed violations of his probation; disclosure of the evidence against him; an opportunity to be heard in person and to present witnesses and documentary evidence; a neutral hearing body; and a written statement by the factfinder as to the evidence relied·on and the reasons for revoking probation.... The probationer is also entitled to cross-examine adverse witnesses, unless the hearing body specifically finds good cause for not allowing confrontation. Finally, the probationer has a right to the assistance of counsel in some circumstances.

*Black, supra,* 471 U.S. at 612, 105 S.Ct. at 2258.[1]

We have recognized that even in criminal proceedings, the realities and necessities of modern day litigation often augur in favor of binding a defendant to the action and inaction of counsel taken with the knowledge and apparent acquiescence of the defendant. *Williams, supra,* 292 Md. at 218, 438 A.2d 1301. The rights, however, that are surrendered when a probationer admits the allegations of a violation petition are substantial. They include, at least as to the adjudicatory portion of the proceeding, the right to a hearing, the right to present witnesses and documentary evidence, and the right of confrontation. Although the right of confrontation afforded a probationer is not quite as broad as that afforded a defendant in a criminal proceeding, *State v. Fuller,* 308 Md. 547, 520 A.2d 1315 (1987), it remains a valuable and fundamental right.

 The touchstone of due process is fundamental fairness. When the immediate consequence of a violation of probation may well be imprisonment, often for a significant period of time, we believe a *Johnson v. Zerbst* standard must apply to the waiver of the important right that the

---

1. In Maryland, the right to counsel in a probation revocation hearing is not conditional. *State v. Bryan,* 284 Md. 152, 158, 395 A.2d 475 (1978). Strict adherence to the requirements of Rule 4–215, pertaining to waiver of counsel, is required in every probation revocation case.

probationer has to put the State to its proof. As Chief Judge Murphy pointed out for the Court in *Howlett, supra,* 295 Md. at 427–28, 456 A.2d 375, no particular litany is required to show a waiver of these rights by a probationer, but the record must show that "the charge was explained to the probationer in understandable terms and that his responses demonstrated that his actions were knowing and voluntary." It takes but a few moments to ensure that the probationer personally understands the nature of the charges of alleged violations; that he has an absolute right to a hearing at which the State would have to prove the allegations; that he wishes to give up that right and to admit that he did violate his probation; and that his action is freely and voluntarily taken, without threats, promises or inducements.

■■■■ In most instances, it will not be necessary to advise the probationer concerning the consequences which may flow from a finding that he is in violation. He has previously been sentenced, and it is entirely fair to hold him to an understanding that upon violation of his probation he may be required to serve the unexecuted portion of the sentence that was earlier suspended. In the relatively rare cases where the *imposition* of sentence was originally suspended, the probationer should be advised, as a prerequisite to an effective waiver, of the minimum and maximum sentence that could be imposed upon a finding of violation.

On balance, imposing the higher standard of waiver in this situation goes a long way toward ensuring essential fairness in an important proceeding while imposing only a small additional burden upon the trial judge and permitting the proceeding to remain essentially informal.

The result we reach today finds substantial support in other jurisdictions. The Court of Appeals of Michigan engaged in a similar analysis of whether the waiver of a probation revocation hearing through the admission of a violation must pass muster under the *Johnson v. Zerbst* standard in the case of *People v. Brown,* 248 N.W.2d 695,

72 Mich.App. 7 (1977). That court found that a knowing and intelligent waiver was required when:

... the right involved is one designed to insure fundamental fairness to a defendant or to insure the reliability of the factfinding process when an individual's liberty is at stake. The protections offered by such rights would be substantially lost if they could be waived by persons ignorant of their existence. Furthermore, we view the right of a probationer to a hearing on charges of probation violation as one designed both to insure fundamental fairness to the probationer and to insure that findings of fact with respect to the existence of a violation, findings upon which the continuation of the probationer's conditional liberty depends, are reliably determined. We therefore conclude that a probationer charged with violation of his probation must be informed of his right to a hearing on the charges before he can effectively waive that right.

*Id.* 248 N.W.2d at 698 (footnotes omitted). *See also State v. Valentine,* 742 P.2d 833, 834, 154 Ariz. 332 (1987) (a probationer about to admit a probation violation has a fundamental right to know and understand the due process requirements he is about to waive); *People v. Edwards,* 337 N.W.2d 38, 39, 125 Mich.App. 831 (1983) (probationer cannot make a valid waiver of his right to a revocation hearing unless he is aware that he has such a right); *Commonwealth v. Bell,* 410 A.2d 843, 844, 269 Pa.Super. 559 (1979) (some on the record showing must be made to determine whether a probationer's waiver of a hearing is voluntary); *People v. Allen,* 248 N.W.2d 588, 588–89, 71 Mich.App. 465 (1977) (probationer must be informed that there is an alternative to pleading guilty); *People v. Hardin,* 245 N.W.2d 566, 568, 70 Mich.App. 204 (1976) (probationer must be advised of his due process right to a violation hearing in order to ensure that his admission of a violation is knowing and voluntary).

In *People v. Followell,* 518 N.E.2d 706, 707, 116 Ill.Dec. 84, 85, 165 Ill.App.3d 28 (1987), the Appellate Court of Illinois delineated what must be adduced from a probationer

admitting a violation at a revocation hearing in order to protect his due process rights:

> [T]he court must at least determine that the [probationer] knows what the specific allegations in the petition are, that he knows that he has a right to a hearing with counsel present, that he is not making the admission on the basis of any promises or coercion, and that he understands the consequences of his admission.

*See also Allen, supra,* 248 N.W.2d at 589, holding that the probationer was denied due process because "... the record [did] not indicate that [probationer] was aware of the option of not pleading guilty and he did not personally admit violation of probation on the record...." *Cf. State v. Coon,* 559 P.2d 704, 707, 114 Ariz. 148 (1977), advising that although the determination of the voluntariness of an admission may be based on the entire record before the court, "... it is the better practice for the judge to personally ask the defendant if his admission is voluntary and not the result of force, threats or promises."

Many of these courts have agreed that there is no particular litany to be followed in conducting a revocation hearing. "While [courts have] declined to require a 'check list' procedure for guilty pleas to probation violations, it is essential that a defendant be informed that there is an alternative to pleading guilty." *Allen, supra,* 248 N.W.2d at 588. *See also Followell, supra,* 518 N.E.2d 707, 116 Ill.Dec. at 85 (trial court need not give all admonitions contained in rule governing guilty pleas); *Brown, supra,* 248 N.W.2d at 699 (a "check list" type procedure is not required in a probation revocation due to the proceeding's relative informality and flexibility); *Hardin, supra,* 245 N.W.2d at 568–69 (trial judge not locked into a "check list" type of situation when conducting a probation revocation proceeding); N. Cohen & J. Gobert, *The Law of Probation and Parole,* § 9.41 (1983).

Neither Hersch nor Cleary personally admitted to the violations charged, though each, during the disposition phase of the proceedings, made reference to having a

continuing drug problem. Neither probationer personally advised the court that he understood he had the right to put the State to its proof, and wished to waive that right by admitting the violation. Although the record may have been sufficient in each case to demonstrate that each probationer understood the violations alleged, the remaining deficiencies require that the findings of violations of probation be vacated, and the cases remanded for further proceedings.

JUDGMENT OF THE COURT OF SPECIAL APPEALS IN EACH CASE REVERSED; CASES REMANDED TO THAT COURT WITH INSTRUCTIONS TO VACATE THE FINDINGS OF VIOLATION OF PROBATION IN EACH CASE, AND TO REMAND THE CASES TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR FURTHER PROCEEDINGS; COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS IN EACH CASE TO BE PAID BY PRINCE GEORGE'S COUNTY.