578 A.2d 789

**Cedric Shawn MARSHALL**

v.

**STATE of Maryland.**

**No. 70, Sept. Term, 1990.**

Court of Appeals of Maryland.

Sept. 6, 1990.

Alan H. Murrell, Public Defender, and Julia Doyle Bernhardt, Asst. Public Defender, Baltimore, for petitioner.

J. Joseph Curran, Jr., Atty. Gen., and Diane E. Keller, Asst. Atty. Gen., Baltimore, for respondent.

**530**

Submitted to MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS * and CHASANOW, JJ.

PER CURIAM.

We granted certiorari to consider whether the Court of Special Appeals, in its unreported affirmance of the revocation of Cedric Shawn Marshall's probation, erred in applying our holding in *Hersch v. State,* 317 Md. 200, 562 A.2d 1254 (1989). We conclude that it did and therefore shall reverse the judgment of that court and remand the matter for a new probation revocation hearing.

In *Hersch,* we outlined the procedures required to insure that an admission of violating probation was knowing and voluntary. We said:

"When the immediate consequence of a violation of probation may well be imprisonment, often for a significant period of time, we believe a *Johnson v. Zerbst* [304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)] standard must apply to the waiver of the important right that the probationer has to put the State to its proof. As Chief Judge Murphy pointed out for the Court in *Howlett [v. State] supra,* 295 Md. [419] at 427–28, 456 A.2d 375 [(1983)] no particular litany is required to show a waiver of these rights by a probationer, but the record must show that 'the charge was explained to the probationer in understandable terms and that his responses demonstrated that his actions were knowing and voluntary.' It takes but a few moments to ensure that the probationer personally understands the nature of the charges of alleged violations; that he has an absolute right to a hearing at which the State would have to prove the allegations; that he wishes to give up that right and to admit that he did violate his probation; and that his

---

* Adkins, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Art. IV, § 3A, he also participated in the decision and the adoption of this opinion.

action is freely and voluntarily taken, without threats, promises or inducements." 317 Md. at 208–09, 562 A.2d 1254.

In this case, the Court of Special Appeals found that the trial court acted in accordance with the dictates of *Hersch* in accepting Marshall's admission of a probation violation. It said that the final sentence in the above quoted statement in *Hersch* was "mere precatory language" and the trial judge was not required to specifically enunciate the charges or specifically describe the nature of the probation violation hearing. It indicated that the only mandatory language contained in *Hersch* required that the record show that " 'the charge was explained to the probationer in understandable terms and that his responses demonstrated that his actions were knowing and voluntary.' "

On the record in this case, we conclude that Marshall did not receive the safeguards outlined in *Hersch* to assure that his admissions were knowing and voluntary. The Court of Special Appeals thus erred in concluding that our statement in *Hersch* was but "precatory language."

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED; CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REMAND THE CASE TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR A NEW TRIAL; COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY PRINCE GEORGE'S COUNTY.