# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-KP-01204-SCT

*MARLON T. JACKSON a/k/a MARLIN T. JACKSON*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/11/94 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: WAYNE SNUGGS |
| DISTRICT ATTORNEY | CLAIBORNE MCDONALD, IV |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 8/7/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/29/97 |

**EN BANC.**

**BANKS, JUSTICE, FOR THE COURT:**

Marlin T. Jackson, petitioner, appeals the denial of his Motion for Post-Conviction Relief to vacate and set aside the Revocation of Petitioner's Probation granted by the Circuit Court of Pearl River County. Because the record is unclear as to whether there was a knowing and intelligent waiver of the revocation hearing we reverse and remand for a hearing on that issue.

I.

On August 3, 1990, Marlin T. Jackson was sentenced to serve a term of 15 years in the custody of the Mississippi State Department of Corrections after entering a plea of guilty to the charge of aggravated assault. Thereafter the Circuit Court of Pearl River County found that it was in the best interest of the public and the defendant that Jackson be placed on probation and his sentence suspended. On December 9, 1992, the Department of Corrections filed an affidavit asserting that Jackson was in violation of two conditions of his probation. It alleged that Jackson had failed to

report to his field officer, and that he had failed to pay the court ordered restitution.

On the 11th day of August, Jackson apparently signed three documents. They were entitled "Waiver of Rights to Notice and/or Waiting Period Prior to Preliminary Hearing," "Waiver of Right to Preliminary Probation Hearing," and "Waiver of Right of Revocation Hearing." The first two of these documents are signed by Jackson and witnessed by two individuals, apparently probation officers or employees. The last document appears to have been signed by Jackson but it is not witnessed. The form for this document provides for notarization but the document is not notarized. The document purports to relinquish a hearing and acknowledge that an order of revocation will be entered.

Jackson's probation was revoked and he was placed in the custody of the Mississippi Department of Corrections to serve the remainder of his 14 years, five month sentence (seven months credited for time served) on August 25, 1993. The order does not recite that Jackson personally appeared before the court at that time. Nor does the record reflect that Jackson was questioned concerning the purported waiver of a hearing at any time. There is no suggestion that Jackson received a hearing on the question of the voluntariness of the waiver or on the merits of revocation.

In July 1994, Jackson filed a motion for post conviction relief claiming that his "waiver" was wrongfully procured, that he was denied his right to counsel and that the sentence imposed was improper because it exceeded the original sentence of the court.

## II.

Only the waiver issue is worthy of extended discussion here. Jackson has no absolute right to counsel in probation revocation proceedings. *Riely v. State*, 562 So. 2d 1206, 1209. His time served on probation is not counted against his sentence. *Segarra v. State*, 430 So. 2d 408 (Miss. 1993).

Jackson has a right to a hearing before his probation may be lawfully revoked. Miss. Code Ann. § 47-7-37. In *Riely v. State*, 562 So. 2d at 1211 we construed " § 47-7-37 as inhering the minimum due process requirements set forth in *Gagnon v. Scarpelli*, 411 U.S. 778 (1973) and *Morrissey v. Brewer,* 408 U.S. 471 (1972)." That right like other constitutional rights can be waived. The burden is upon the State to show that such a waiver was knowingly and intelligently had and that burden has been described as a heavy one. *Abston v. State*, 361 So. 2d 1384, 1390 (Miss. 1978).

Jackson claims that he was tricked into waiving his right to a probation revocation hearing. There is no doubt that Jackson's signature appears on each of the waiver documents. Jackson claims that he signed the waiver of revocation hearing with the understanding that he would have an opportunity to voice his opposition to the revocation of probation.

According to the circuit court, ". . . it is ludicrous to believe that the Petitioner did not understand the waiver that he signed when it is clearly spelled out in English . . . ." The fact is, however, that Jackson alleges circumstances under which he signed the document which go unrebutted on this record. The document was signed along with other documents and it was not completed in accordance with its form. Jackson's contention that he did not knowingly and intentionally forego the right to be heard before a final judgment of revocation was imposed cannot be dismissed on the sole basis of the signed form. The burden is on the state to show that there was a knowing and intelligent waiver. This is especially so in proceedings in which the defendant is operating without the advice of

counsel and where, as here, there is no record suggesting that the circumstances of the signing of the document purporting to waive a final hearing were other than those asserted by the petitioner. Our sister court in Maryland in holding that the record must show that the situation was fairly presented to the probationer in understandable terms, put the proposition as follows:

> It takes but a few moments to ensure that the probationer personally understands the nature of the charges of alleged violations; that he has an absolute right to a hearing; that he wishes to give up that right and to admit that he did violate his probation; and that his action is freely and voluntarily taken, without threats, promises or inducements.

*Hersch v. State of Maryland*, 327 Md. 200, 562 A. 2d 1254, 1258 (1989).

For the foregoing reasons we reverse and remand the judgment of the trial court. Without an evidentiary hearing on the issue, there is insufficient proof that Marlin knowingly and intelligently waived his right to a revocation hearing. It follows that we must reverse and remand for such a hearing.

**REVERSED AND REMANDED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN AND McRAE, JJ., CONCUR. LEE, C.J., CONCURS IN RESULT ONLY. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY ROBERTS AND MILLS, JJ.**

**SMITH, JUSTICE, DISSENTING:**

The majority reverses and remands Jackson's revocation of probation for a hearing to determine whether Jackson knowingly and intelligently waived his right to a revocation hearing. The majority admits that Jackson has no absolute right to counsel in probation revocation proceedings. *Riely v. State*, 562 So. 2d 1206, 1209 (Miss. 1990). The majority also concedes that Jackson's signature appears on each of the waiver documents.

Then however, the majority announces as its basis for reversal, that "Jackson alleges circumstances under which he signed the document which go unrebutted on this record, that he was tricked, and that when he signed the waiver of revocation form, his understanding was that he would have an opportunity to voice his opposition to the revocation of probation."

Finally, the majority, in reversing, and granting a hearing, totally ignores the principle of *Riley* and writes that, "this is especially so in proceedings in which the defendant is operating without the advice of counsel. . ."

Jackson's conviction stems from a two-count indictment charging aggravated assault upon two women, Pastorian Magee and Felicia Breland, both of whom were shot and wounded in the process

of the assault. Jackson received a fifteen year sentence, suspended upon successful completion of the Regimented Inmate Discipline (RID) Program. Jackson completed the program and was released on five years active probation, conditioned upon payment of full restitution to the victims, at the rate of $l00 per month, and to report twice per month to his probation officer. Needless to say, Jackson received more than abundant mercy from the sentencing judge.

The record clearly shows that Jackson, while on probation, and gainfully employed, failed to make numerous payments of supervision fees and restitution to the victims as ordered by the lower court. Jackson gives no reason for his failure to pay nor does he allege inability to pay, but merely claims to have made two of the required restitution payments. The record also demonstrates that Jackson failed to meet with his probation officer on numerous occasions. Jackson claims that an officer told him he no longer had to report. His girlfriend makes a similar claim. Letters and other documents in the record state otherwise. Jackson was forewarned in the spring of 1992 concerning his violations of probation. He ignored all warnings. Jackson was not arrested on these charges until August, 1993.

Contrary to the view of the majority, the case *sub judice* is not complicated, nor in need of another hearing by the lower court. Jackson signed all documents concerning his probation revocation, including the Waiver of Right of Revocation Hearing that he executed on August 11, 1993. That form listed the violations of probation of non-reporting and failure to pay supervision fees and court ordered restitution. The waiver also stated that these violations had been fully explained to and were understood by Jackson. Jackson's brief indicates he was well aware that by signing the Preliminary Probation Revocation Hearing form, and that he was not waiving any other rights, including the right to a hearing before the circuit judge. He obviously read and understood that form. He also refers to the preliminary probation form in his affidavit where he states that, "[he] was misled by Probation officer Don Winters into beleiving (sic) that I would be given a eairly (sic) Parole if (sic) waived my preliminary Probation hearing." Yet oddly, Jackson fails to even mention the Waiver of Probation Revocation form at issue, which actually waived the hearing before the circuit judge. Jackson is a high school graduate with one year of college. Surely if Jackson understood the preliminary probation form as indicated, he also understood the probation revocation form that he signed. The ruling of the circuit judge that Jackson understood what he had signed was correct.

In *Robertson v. State*, 669 So. 2d 11 (1996) (McRae, J.), this Court noted that Miss. Code Ann. § 99-39-11 (1994) concerning PCR petitions requires "specificity and detail" and that the petition must meet "basic pleading requirements" and further that "[a] post-conviction claim of ineffective assistance of counsel is properly dismissed without the benefit of an evidentiary hearing where it is *manifestly without merit*. *Id*. at 13. (Emphasis added). *See also, Marshall v. State*, No. 95-KP-00265-SCT, (Decided September 5, 1996), (Pittman, J.). ("Furthermore, Marshall's only support for his petition was his own affidavit. This affidavit was not sufficient for establishing an evidentiary hearing based on *Campbell v. State*, 611 So. 2d 209, 210 (Miss. 1992)". There was no supporting affidavit or other evidence in the record to support Marshall's affidavit with its assertions.

Here, Jackson also makes a bald unsupported assertion, without providing details, that he was tricked into signing the waiver form. There are no allegations of force, coercion, threats or other details provided. The affidavit of his girlfriend is merely another bold assertion without any details the basis of her knowledge of alleged trickery, much less any first hand knowledge about the subject matter. Based upon the record, the trial court found that Jackson clearly understood the documents he

signed, and thus, revoked Jackson's probation and ordered him to serve his original imposed sentence. The issue at bar is simply one where Jackson makes bald unsupported assertions in his affidavit, yet the entirety of the documents and the record clearly support the ruling of the trial court.

Jackson now claims that the revocation was improper because he was denied the right to counsel. However, at the time, Jackson never asked for an attorney, nor was he entitled to one. The waiver he executed on August 11, 1993, conveys a plain, simple message - Jackson did not desire or request a revocation hearing. Even if Jackson were now granted a hearing, with counsel, would the outcome be changed? Assuming *arguendo*, that Jackson could now convince the trial court by his testimony and that of his girlfriend, that the probation officers told him he did not have to report, nevertheless there remains the admission by Jackson that he failed to pay all of his reporting fees and restitution. Jackson never alleged inability to pay nor does he give specific details as to why he missed numerous payments. The result would surely be the same: the revocation of Jackson's prior sentence by the lower court. The case at bar does not involve significant factors of constitutional proportions which would take it outside the realm of being anything other than just another ordinary case of an individual convicted of a serious offense, who received an extemely lenient sentence initially, yet upon release, refused to abide by the most simplest of probation requirements, i.e., pay supervision fees, and restitution, and report to his probation officer. Simply put, having now found himself incarcerated, without benefit of the RID program, Jackson wants out. The learned trial court judge properly dealt with this petition, and should accordingly, be affirmed.

I respectfully dissent.

**ROBERTS AND MILLS, JJ., JOIN THIS OPINION.**