(39 P.3d 682)

No. 85,657

STATE OF KANSAS, *Appellee*, v. LEONARD BILLINGS, *Appellant*.

Opinion filed February 8, 2002.

*Libby Snider*, assistant appellate defender, and *Randall L. Hodgkinson*, deputy appellate defender, for the appellant.

*Ellen H. Mitchell*, county attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before RULON, C.J., LEWIS and KNUDSON, JJ.

LEWIS, J.: In 1998, defendant Leonard Billings entered a plea of guilty on two separate occasions to charges of sale and possession of drugs. On each occasion, he was fortunate enough to be placed

on probation. However, he promptly proceeded to violate probation in both cases, probation was revoked, and he was incarcerated. On appeal, he argues the trial court erred in revoking his probation.

We do not agree and affirm the decision of the trial court.

The basis of defendant's appeal is that the trial court erred in failing to advise him of all of his constitutional rights during the revocation hearing. It is true the trial court did not advise defendant that he had the right to present evidence and cross-examine witnesses during his hearing, and this is the point on which defendant bases his appeal. The question we must decide is whether the trial court was required to advise defendant of those rights.

Initially, we note that there is no issue in this case as to whether a defendant has the right to present evidence and cross-examine witnesses during a probation revocation hearing. There is no question that defendant does have that right and, should he be arbitrarily deprived of that right, it would be a violation of his constitutional rights. The question presented here is whether the trial court was required to advise him that he had the right to present evidence and cross-examine witnesses.

Defendant was given a full probation revocation hearing and was represented by counsel during that hearing. Prior to the beginning of the hearing, defendant's counsel advised the court that defendant would *waive a hearing and stipulate that he had violated the terms of his probation*. The trial judge specifically asked defendant if his attorney's offers of waiver and stipulation were correct, and defendant replied that they were. The court then heard concluding argument from defendant himself and revoked defendant's probation.

We find defendant's argument totally lacking in logic. It is rather strange to hear one argue that although he stipulated to the evidence and waived the hearing, he should still have been advised of the right to present evidence and cross-examine witnesses at a hearing that would not take place because he had waived it. The lack of logic in defendant's argument is sufficient in and of itself to affirm the trial court's decision.

In this state, K.S.A. 22-3716 governs the procedures for revocation of probation. In *State v. Rasler*, 216 Kan. 292, 296, 532 P.2d

1077 (1975), the Supreme Court held that K.S.A. 22-3716 meets *all* the constitutional requirements for such proceedings. That statute provides in relevant part:

"[T]he court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation charged. The hearing shall be in open court and the state shall have the burden of establishing the violation. The defendant shall have the right to be represented by counsel and shall be informed by the judge that, if the defendant is financially unable to obtain counsel, an attorney will be appointed to represent the defendant. The defendant shall have the right to present the testimony of witnesses and other evidence on the defendant's behalf. Relevant written statements made under oath may be admitted and considered by the court along with other evidence presented at the hearing." K.S.A. 21-3716(b).

The Supreme Court of the United States has determined that revocation of probation is not part of a criminal prosecution and, therefore, the full panoply of rights due a defendant in a criminal case is not applicable to a probation revocation proceeding. *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 480, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972). Minimum due process includes written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him or her, the opportunity to be heard in person and to present evidence and witnesses, the right to confront and cross-examine adverse witnesses, a neutral and detached hearing body, and a written statement by the factfinder as to the evidence relied on and reasons for revoking probation. The probationer also has a right to the assistance of counsel. *Black v. Romano*, 471 U.S. 606, 612, 85 L. Ed. 2d 636, 105 S. Ct. 2254 (1985). We have been unable to find any Kansas or United States Supreme Court decision that has required the trial judge to inform the accused violator that he or she has the right to call witnesses and present evidence in his or her own behalf, as well as a conditional right to confront and cross-examine the witnesses against him or her, before accepting a stipulation to violations of the term of probation.

Defendant has cited as his primary support the Maryland decision of *Hersch v. State*, 317 Md. 200, 209-11, 562 A.2d 1254 (1989).

Defendant has also cited other decisions of a similar nature. We agree that these decisions do, to a certain extent, support the position taken by defendant, but we also point out they are not Kansas decisions and they are not binding on this court.

We conclude there is no requirement that a trial judge advise a defendant that he or she has the right to present evidence and cross-examine witnesses prior to allowing the violator to stipulate to the alleged violations. There is adequate protection of the due process rights of a defendant by providing him or her with an attorney, who should advise as to the due process rights that apply.

We also rely on the fact that continuing probation after a violation of the conditions of probation is an act of grace exercised by the sentencing judge and is granted as a privilege and not as a right. *State v. Yura*, 250 Kan. 198, 206, 825 P.2d 523 (1992). The Kansas Supreme Court has shown no indication that it will expand upon the procedures listed in K.S.A. 22-3716. See, *e.g.*, *State v. Lumley*, 267 Kan. 4, 14, 977 P.2d 914 (1999). We also decline to expand upon those procedures.

Finally, we point out that defendant admitted violating the conditions of his probation and has advanced absolutely no argument to show how he was prejudiced by the failure of the trial court to specifically advise him of his due process rights. See *State v. Borders*, 255 Kan. 871, 881, 879 P.2d 620 (1994). Defendant had an opportunity to at least proffer what evidence he might want to show if he had the right to present witnesses and cross-examine witnesses and failed to do so. We see absolutely no prejudice to the substantial rights of defendant by the trial court's rulings in this case.

Affirmed.