NOT DESIGNATED FOR PUBLICATION

Nos. 116,180
116,181

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STACEY E. BENNETT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; DAVID DEBENHAM, judge. Opinion filed July 7, 2017. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Jodi Litfin*, deputy district attorney, *Michael F. Kagay*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., POWELL and GARDNER, JJ.

*Per Curiam*: Stacey E. Bennett appeals the district court's revocation of his probation, claiming the court abused its discretion by doing so. We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2013 Stacey Bennett was charged with possession of methamphetamine and unlawful use of drug paraphernalia in case 13-CR-1631. Bennett pled guilty to

1

possession of methamphetamine, and the State dismissed the remaining charge. On April 10, 2014, the district court sentenced Bennett to 12 months' probation with an underlying 15-month term of imprisonment. After 4 months, the State moved to revoke Bennett's probation based on his failure to report, failure to comply with Senate Bill 123, and failure to provide a current address. On April 16, 2015, Bennett stipulated to the alleged violations. The district court found that Bennett violated the terms and conditions of his probation, ordered a 30-day jail sanction, and extended his probation for 18 months.

Also in April 2015, Bennett was charged with possession of methamphetamine, possession of marijuana, and unlawful use of drug paraphernalia in case 15-CR-735. Bennett pled no contest to possession of methamphetamine and possession of marijuana, and the State dismissed the remaining charge. After hearing arguments from both parties that Bennett could continue his drug treatment if placed back on probation, the district court granted Bennett's motion for a downward dispositional departure and sentenced him to 12 months' probation with an underlying 17-month term of imprisonment to be served consecutively to 13-CR-1631.

In October 2015, the State again moved to revoke Bennett's probation in both cases for failure to report. At the show cause hearing on April 7, 2016, Bennett stipulated that he violated the terms of his probation by failing to report. The district court made the following findings:

"Well, in this case, the Court does have—the legislature has enacted certain remedies for probation violations, they're known as the quick dips of 120 or 180-day prison sanctions. The Court also has a 60-day jail sentence it could impose as part of the quick dips. Those are required to be placed—they're required for the Court to use those as sanctions on a probation violation except, if the—if the offender has committed a new crime, which is not applicable in this case, if the offender has absconded from supervision, and quite frankly, that's what I find that the evidence shows us in this case, is that you have absconded from supervision. I don't know. You may have lived at the same place, I don't

2

know, but we're talking about eight months later. You just refused to report and there's been no contact with you.

"The Court can also bypass those quick dips, 120-day, 180-day sanctions and find that the safety of the members of the public will be jeopardized or the welfare of the inmate will not be served by such assignments to Community Corrections.

"And one is, I find you have absconded from supervision. I don't think that you can just not report for eight months and have that classified as a technical violation. To me it means you are simply not amenable to probation. You're not doing your part; that's the first thing.

"The second part is, the welfare of the inmate will not be served by such assignment. You were given Senate Bill 123 treatment possibilities on these—on the first case and then you were show caused. And that was ordered again, at that time, and you didn't partake of that. In the second case, The Court show caused—the Court did a dispositional departure at sentencing. You were presumptive prison at that time, I believe, but I placed you on probation on that case, too. But, at this point in time, I find it would not be to your welfare to place you back on probation. You're not getting anything out of it, you haven't partaken or done anything to avail yourself of the treatment possibilities in this case. It's not to your benefit to place you back on probation, unfortunately, because I don't think sentencing you to prison is going to accomplish a whole lot, but I don't think placing you on probation has done that either, and I don't think it's in your welfare to do that again. I think it gives you the wrong message that you can do the ultimate and that's simply not report and there's nothing I can do, or nothing anybody else can do, to give you a three-day sanction and I don't think that's appropriate. So the original sentence will be imposed in each case."

The district court revoked Bennett's probation and ordered him to serve the underlying prison sentences in both cases.

Bennett timely appeals.

3

DID THE DISTRICT COURT ERR IN REVOKING BENNETT'S PROBATION?

Bennett challenges the district court's findings that he absconded from probation and that his welfare was not served by the imposition of an intermediate sanction. We address his second challenge first.

Bennett argues that the district court erred in finding that his welfare would not be best served by the imposition of an intermediate sanction. Specifically, Bennett argues that his due process rights were violated because he did not have notice that the district court would consider an alleged failure to attend drug treatment as a basis for the revocation of his probation because it was not alleged in the State's motion to revoke his probation. Bennett also argues that the district court erred in finding an intermediate sanction would not serve his welfare because he did not stipulate to failing to attend drug treatment.

Kansas courts grant probation "'as a privilege and not as a matter of right.'" *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). If probation is granted, "'the probationer is entitled to retain his or her liberty [only] as long as he or she abides by the conditions on which probation is granted.' [Citations omitted.]" 282 Kan. at 237. Once a district court has established by a preponderance of the evidence that a defendant has violated the conditions of his or her probation, "the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Judicial discretion is abused when no reasonable person would have taken the action of the district court because it was arbitrary, fanciful, or unreasonable, or when the action was based on an error of law or an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012).

K.S.A. 2016 Supp. 22-3716(c) requires courts to impose graduated intermediate sanctions before remanding a probationer to serve the balance of his or her term in prison.

4

However, K.S.A. 2016 Supp. 22-3716(c)(8) allows the district judge to wholly bypass the intermediate sanctions provisions of the statute if the probationer commits either a felony or misdemeanor while on probation or absconds. In addition, K.S.A. 2016 Supp. 22-3716(c)(9) allows the district court to revoke a defendant's probation without having previously imposed intermediate sanctions "if the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction."

In a probation revocation hearing probationers are not due the full range of rights due in a criminal case. See *Gagnon v. Scarpelli*, 411 U.S. 778, 786-87, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973). The minimum due process rights afforded to a probationer in a probation revocation hearing are governed by the applicable version of K.S.A. 2016 Supp. 22-3716.

> "Minimum due process includes written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him or her, the opportunity to be heard in person and to present evidence and witnesses, the right to confront and cross-examine adverse witnesses, a neutral and detached hearing body, and a written statement by the factfinder as to the evidence relied on and reasons for revoking probation. The probationer also has a right to the assistance of counsel. [Citation omitted.]" *State v. Billings*, 30 Kan. App. 2d 236, 238, 39 P.3d 682 (2002).

Here, the order to show cause why probation should not be revoked alleged that Bennett violated his probation for failure to report. He stipulated to this probation violation. Clearly, Bennett's due process rights were not violated. He received proper notice of the alleged probation violation prior to his hearing, he was represented by counsel, he appeared personally at the hearing, and he was able to cross-examine witnesses and provide evidence. The district court did not revoke Bennett's probation because he failed to attend drug treatment; rather, it revoked his probation, finding in part that he was unsuccessful on probation and that it was not in his welfare to continue

5

probation after an intermediate sanction. One supporting factor of why continued probation was not in Bennett's welfare was that he had not "partaken or done anything to avail [him]self of the treatment possibilities in this case." In fact, although he did not formally stipulate to failing to attend drug treatment, Bennett admitted to the court that he was not attending the drug treatment provided to him. The district court also relied on the fact that it had granted a downward dispositional departure in Bennett's underlying conviction and Bennett foiled that opportunity. Bennett's due process rights were not violated, and there was sufficient evidence to support the district court's finding that the imposition of an intermediate sanction was not in Bennett's welfare. There was no abuse of discretion.

Because the district court found that Bennett's welfare would be better served by revoking his probation and imposing the original prison sentences, we need not address Bennett's argument that there was insufficient evidence to prove that he was an absconder.

Affirmed.